453 P.2d 761

**Joe G. CORDOVA, Plaintiff-Appellant,**

**v.**

**UNION BAKING COMPANY and New Hampshire Insurance Company, Defendants-Appellees.**

**No. 277.**

Court of Appeals of New Mexico.

April 11, 1969.

Victor R. Ortega, Arturo Ortega, Robinson & Ortega, Albuquerque, for appellant.

James C. Ritchie, John P. Burton, Rodey, Dickason, Sloan, Akin & Robb, Albuquerque, for appellees.

OPINION

HENDLEY, Judge.

Plaintiff contends the trial court erred in granting defendant's motion for summary judgment on the ground that the statute of limitations had run on plaintiff's claim for compensation benefits. We disagree.

Plaintiff was injured June 29, 1965 in the course of his employment and was hospitalized for nine or ten days. He returned to work for several days but had to stop working from July 20, 1965 to August 4, 1965, when he was released by his doctor to return to work. Plaintiff then worked continuously from August 5, 1965 to May 8, 1967. He worked at substantially the same pay during this period but because of his back injury his employer directed other employees to assist plaintiff with any work which required heavy lifting. Plaintiff did not see a doctor from August 5, 1965 to May 8, 1967, although he continually experienced pain. Plaintiff received compensation benefits for the period of July 7, 1965 to August 5, 1965. The complaint was filed February 9, 1968.

The limitations statute in force at the time of plaintiff's accident on June 29, 1965, was N.M.Laws 1963, Ch. 269, § 6, which reads in part:

"A. If an employer or his insurer fails or refuses to pay a workman any installment of compensation to which the workman is entitled under the Workmen's Compensation Act, after notice has been given as required by Section

59–10–13.4 New Mexico Statutes Annotated, 1953 Compilation, it is the duty of the workman, insisting on the payment of compensation, to file a claim therefor as provided in the Workmen's Compensation Act, not later than one year after the failure or refusal of the employer or insurer to pay compensation. This one-year period of limitations shall not be tolled during the time a workman is employed by the employed [sic] by whom he was employed at the time of such accidental injury."

Under this statute plaintiff was required to file his claim within one year after the failure or refusal to pay compensation. See Roybal v. County of Santa Fe, 79 N. M. 99, 440 P.2d 291 (1968). The issue is when did the statute begin to run.

▪ Plaintiff contends the statute did not begin to run until May 8, 1967, the day plaintiff quit working and accordingly, the employer had no obligation to pay until plaintiff quit work. We disagree.

Here, the obligation to pay depends on whether plaintiff had a partial disability as defined in § 59–10–12.19, N.M.S.A.1953 (Supp.1967):

"As used in the Workmen's Compensation Act [59–10–1 to 59–10–37], 'partial disability' means a condition whereby a workman, by reason of injury arising out of and in the course of his employment, is unable to some percentage-extent to perform the usual tasks in the work he was performing at the time of his injury and is unable to some percentage-extent to perform any work for which he is fitted by age, education, training, general physical and mental capacity and previous work experience."

To be partially disabled under this statute plaintiff contends there must be a showing of two things: (1) an inability, to some percentage extent, to perform the usual work the workman was performing when injured and (2) an inability, to some percentage extent, to perform any work for which the workman is fitted.

These same issues were raised in Ortega v. New Mexico State Highway Department, 77 N.M. 185, 420 P.2d 771 (1966) and, as in Ortega, we need only apply the undisputed facts to both of the asserted requirements for partial disability.

Plaintiff is thirty-five years old. He did not complete the seventh grade. He had worked for defendant for ten years and had progressed from baker's helper to baker-foreman on the date of the injury.

Plaintiff concedes, he was, to some percentage extent, unable to perform the usual tasks of a baker after the injury.

Prior to working for defendant, plaintiff had worked fueling diesel engines, laying concrete blocks and finishing cement. If we assume he was still "fitted" to do this work after an interval of ten years, we still reach the conclusion he was to some percentage extent unable to perform this work. This conclusion is based on the undisputed facts: (1) he could not lift heavy items, (2) he experienced continuous back pain even while wearing a back brace, (3) his left leg was weak and ached and (4) he couldn't touch one or more of his toes on his left foot because of pain. Plaintiff to some percentage extent, was unable to perform "any work" for which he was fitted. See Quintana v. Trotz Construction Company, 79 N.M. 109, 440 P.2d 301 (1968).

Plaintiff however contends that even though the employer may have been obligated to pay him compensation when he returned to work, nevertheless the limitation period did not commence to run until he stopped work because the injury for which he was entitled to compensation was not "reasonably apparent" until then.

▪ As we stated in Noland v. Young Drilling Company, 79 N.M. 444, 444 P.2d 771 (Ct.App.1968):

"As soon as it becomes reasonably apparent, or should become reasonably apparent to a workman that he has an injury on account of which he is entitled to compensation and the employer fails or refuses to make payment he has a right to file a claim and the statute begins to run from that date. There is nothing in the act as we read it which indicates that the running of the statute

may be delayed until a more serious disability is ascertainable."

The undisputed facts referred to above show it was "reasonably apparent" that plaintiff had a compensable injury when he returned to work. Knowledge that there is a compensable disability, and not the full extent thereof, is the controlling factor. Noland v. Young Drilling Company, supra.

The judgment of the trial court is affirmed.

It is so ordered.

SPIESS, C. J., and WOOD, J., concur.