455 P.2d 849

Bernard C. McCLESKEY, Plaintiff-Appellant,

v.

N. C. RIBBLE COMPANY, Employer, and Mountain States Mutual Casualty Company, Insurer, Defendants-Appellees.

No. 271.

Court of Appeals of New Mexico.

April 25, 1969.

Rehearing Denied May 21, 1969.

Certiorari Denied June 13, 1969.

James C. Ritchie, John P. Salazar, Rodey, Dickason, Sloan, Akin & Robb, Albuquerque, for appellant.

James A. Parker, Modrall, Seymour, Sperling, Roehl & Harris, Albuquerque, for appellees.

## OPINION

WOOD, Judge.

Awarded workmen's compensation for a 20% partial permanent disability, plaintiff appeals. He contends the finding of partial disability is insufficient to support the conclusion of law on which the award is based. Conclusions of law must be supported by the findings of fact. Goldie v. Yaker, 78 N.M. 485, 432 P.2d 841 (1967).

The asserted insufficiency of the finding is based on the definition of partial disability in § 59–10–12.19, N.M.S.A.1953 (Repl. Vol. 9, pt. 1, Supp.1967). Plaintiff contends this section states a two part requirement for partial disability. He claims the workman must be unable, to some percentage extent—(1) to perform the usual tasks in the work he was performing when injured and (2) to perform any work for which he is fitted by age, education, training, physical and mental capacity and experience.

The trial court made no finding concerning the asserted first requirement (inability to perform the usual tasks in the work performed when injured). The trial court did make findings concerning the asserted second requirement (inability to perform work for which plaintiff is fitted). Because of the lack of a finding as to the asserted first requirement, plaintiff claims the trial court has failed to find a "material fact". On this basis, plaintiff contends the trial court's conclusion of law is not supported by findings of fact.

■ "The findings of fact shall consist only of such ultimate facts as are necessary to determine the issues in the case, as distinguished from evidentiary facts supporting them * * *." Section 21–1–1(52) (B) (a) (2), N.M.S.A.1953. "Ultimate facts" are the essential and determinative facts on which the conclusion is reached. Goldie v. Yaker, supra. The findings are not required to cover every material fact, only the ultimate facts. The issue is not whether the trial court failed to find a material fact; the issue is whether it failed to find an ultimate fact.

We assume § 59–10–12.19, supra, states a two part requirement for partial disability. Compare Ortega v. New Mexico State Highway Dep't, 77 N.M. 185, 420 P.2d 771 (1966); Cordova v. Union Baking Co., (Ct.App.), 80 N.M. 241, 453 P.2d 761, decided April 11, 1969. Are these two parts ultimate facts or evidentiary facts?

■ For there to be a workmen's compensation award, there must be a disability. See § 59–10–13.3, N.M.S.A.1953 (Repl.Vol. 9, pt. 1). The compensation payable is measured in terms of disability. Sections 59–10–18.2 and 59–10–18.3, N.M.S.A.1953 (Repl.Vol. 9, pt. 1, Supp.1967). Disability, expressed in a percentage amount, is an ultimate fact. Thus, a finding that a workman, to a stated percentage extent, is partially and permanently disabled is a finding of an ultimate fact. Compare Bell v. Kenneth P. Thompson Co., 76 N.M. 420, 415 P.2d 546 (1966); Brundage v. K. L. House Construction Co., 74 N.M. 613, 396 P.2d 731 (1964).

■ Assuming there are two parts to the definition of partial disability, those two parts state the proof required to support a finding as to the ultimate fact of partial disability. Findings as to these two

parts would be findings as to evidentiary facts. The trial court's finding concerning plaintiff's ability to perform work for which he is fitted was a finding as to an evidentiary fact and was unnecessary. Section 21–1–1(52) (B) (a) (2), supra. The failure of the trial court to find concerning plaintiff's ability to perform the usual tasks of the work performed when injured was not a failure to find an ultimate fact.

The trial court found "* * * at the present time he [plaintiff] has a 20 per cent partial permanent disability. * * *" Because of the word "present", plaintiff contends this was another finding as to his ability to perform work for which he is fitted. This is incorrect. The use of "present" in the finding means plaintiff's disability was in existence at the time of trial. Mares v. City of Clovis, 79 N.M. 759, 449 P.2d 667 (Ct.App., 1968). The trial court's finding that plaintiff had a presently existing 20% partial permanent disability is a finding of ultimate fact. This ultimate fact supports the conclusion of law and resultant award.

Plaintiff contends the trial court erred in refusing his requested finding concerning the asserted two parts to the definition of partial disability. For two reasons, refusal of the request was not error. 1. The request asked the court to find evidentiary facts; findings as to evidentiary facts are not required. 2. The request asked the court to find a percentage of disability contrary to the 20% amount found. The trial court's finding is supported by substantial evidence as to each of the two asserted parts of partial disability. It was not error to refuse a contrary finding. Dodson v. Eidal Manufacturing Co., 72 N.M. 6, 380 P.2d 16 (1963).

The judgment is affirmed.

It is so ordered.

SPIESS, C. J., and HENDLEY, J., concur.