457 P.2d 994

Bernard A. BOWERS, Plaintiff-Appellant,

v.

WAYNE LOVELADY DODGE, INC.,
Defendant-Appellee.

No. 286.

Court of Appeals of New Mexico.

Aug. 1, 1969.

John J. Duhigg, Sheehan, Duhigg & Cronin, Albuquerque, for appellant.

James A. Parker, Modrall, Seymour, Sperling, Roehl & Harris, Albuquerque, for appellee.

OPINION

HENDLEY, Judge.

Plaintiff contends the trial court erred in granting defendant's Motion for Summary Judgment on the ground that the statute of limitations had run on plaintiff's claim for compensation benefits. We disagree.

Plaintiff received a head injury on January 22, 1966 while in the course of his employment. With the exception of a few days in the hospital plaintiff continued to work until the date of his discharge on December 5, 1967. The workmen's compensation claim was filed on January 12, 1968.

The limitations statute in force at the time of plaintiff's accident on January 22, 1966 was N.M.Laws 1963, Ch. 269, § 6, which reads in part:

"A. If an employer or his insurer fails or refuses to pay a workman any installment of compensation to which the workman is entitled under the Workmen's Compensation Act, after notice has been given as required by Section 59–10–13.4 New Mexico Statutes Annotated, 1953 Compilation, it is the duty of the workman insisting on the payment of compensation, to file a claim therefor as provided in the Workmen's Compensation Act, not later than one year after the failure or refusal of the employer or insurer to pay compensation. This one-year period of limitations shall not be tolled during the time a workman is employed by the employed [sic] by whom he was employed at the time of such accidental injury."

Under this statute plaintiff was required to file his claim within one year after the failure or refusal to pay compensation.

There can be no failure or refusal to pay compensation unless the workman is entitled to receive compensation. Noland v. Young Drilling Co., 79 N.M. 444, 444 P.2d 771 (Ct.App.1968); see Garcia v. New Mexico State Highway Department, 61 N.M. 156, 296 P.2d 759 (1956). Compensation is payable for disability. Sections 59–10–18.2 and 59–10–18.3, N.M.S.A.1953 (Supp.1967); see McCleskey v. N. C. Ribble Company, 80 N.M. 345, 455 P.2d 849, Ct.App. decided April 25, 1969.

Plaintiff claims he did not suffer a disability until the eighth day after his discharge, see § 59–10–18.1, N.M.S.A.1953, and that the limitation period did not begin to run until that time. He relies on the fact that he did not lose as many as seven consecutive days of work at any time between his accident and discharge.

The applicable limitation statute, quoted above, does not provide that a workman lose seven consecutive days of work before the limitation period begins to run. Noland v. Young Drilling Co., supra, states:

"* * * As soon as it becomes reasonably apparent, or should become reasonably apparent to a workman that he has an injury on account of which he is entitled to compensation and the employer fails or refuses to make payment he has a right to file a claim and the statute begins to run from that date. * * *"

Cordova v. Union Baking Company, 80 N.M. 241, 453 P.2d 761 (Ct.App.1969).

The undisputed facts show that it should have been reasonably apparent to the plaintiff he had an injury on account of which he was entitled to compensation more than one year and thirty-one days before the complaint was filed. See § 59–10–13.5, N.M.S.A.1953; Moody v. Hastings, 72 N.M. 132, 381 P.2d 207 (1963).

The undisputed facts are: While employed at his usual task of body and fender work, plaintiff suffered two blows to his head on January 22, 1966. His head hurt for the remainder of the day and he didn't do much work the rest of the day. That night he had a convulsion, for which he was hospitalized four days. He returned to

work, but was on medication and continued to see the doctor. At times at work he was unable to stand by himself. At other times, while at work, he laid down and went to sleep. He had recurrent headaches, mostly localized in the area of one of the blows and had additional hospitalization. He suffered from loss of memory, had an additional convulsion and some episodes of abnormal behavior. Prior to the accident he performed his work without a helper; after the accident he was assigned a helper and "guessed" that the helper was for the purpose of lightening the load upon him. When he got out of high school in 1935 he drove a truck for a week or two. Since then he has done only body and fender work. See definition on partial disability in § 59–10–12.19, N.M.S.A.1953 (Supp.1967).

The limitation period had run when plaintiff filed his claim.

The judgment of the trial court is affirmed.

It is so ordered.

SPIESS, C. J., and WOOD, J., concur.