492 P.2d 1263

Juan M. **GOMEZ**, Plaintiff-Appellant,

v.

**HAUSMAN CORPORATION,** Employer; and
Aetna Life & Casualty, Insurer,
Defendants-Appellees.

No. 719.

Court of Appeals of New Mexico.

Dec. 10, 1971.

Certiorari Denied Jan. 18, 1972.

Arthur O. Beach, William W. Deaton, Jr., Smith, Ransom & Deaton, Albuquerque, for appellant.

Larry D. Beall, Irving E. Moore, Toulouse & Moore, Albuquerque, for appellees.

OPINION

COWAN, Judge.

Plaintiff appeals from a judgment dismissing his claim for compensation on the ground that it was not timely filed.

We reverse.

In workmen's compensation cases, as in others, we are bound to view the evidence, together with all reasonable inferences, in the light most favorable to support the findings. Duran v. New Jersey Zinc Company, 83 N.M. 38, 487 P.2d 1343 (1971). We now do so.

On April 13, 1966, the plaintiff then 30 years old and with a ninth grade education, went to work for the defendant employer as a helper. On July 23, 1966, he was promoted to machine operator. His job was to place steel reinforcing bars in his machine, where they would be bent to specification for use in buildings, road projects and the like. His job required that he lift up to, and sometimes in excess of, 100 pounds. On July 27, 1966, while lifting a bundle of steel he tripped over a piece of

wood and injured his low back. His employer sent him to a doctor who diagnosed a low back strain. He lost no time from work following the accident.

For the next three years the plaintiff continued working at the same job, although with continuous pain. He did all the work he had done before the accident and there was no change in his work duties. He complained of pain and made periodic trips to various doctors for back examination or treatment. He took pain pills from time to time and some therapeutic baths. He knew that there was something wrong with his back and had known it from the date of his injury in July of 1966, but did not know he had anything more than a strained back.

During the spring and summer of 1969 the pain worsened and he had some radiation of pain down into his legs. In August of 1969 the doctor told him that he had "something between his spinal discs at this time". He continued working but in December of 1969 his doctor told him that he would have to stop working so that he could be treated properly. On January 15, 1970, the plaintiff stopped working and was examined thereafter by several doctors. He was hospitalized in February, 1970, for myelography, then treated as an outpatient. His condition failed to improve and, on April 7, 1970, his low back was operated because of two ruptured discs. These ruptured discs were a result of the accident of July, 1966.

One of the trial court's findings was:

"10. Plaintiff knew at all times, or by the exercise of reasonable diligence should have known, that he suffered a compensable injury on July 27, 1966."

The trial court's conclusions were:

"1. Plaintiff did not suffer a 'latent injury'.

"2. Plaintiff was totally and permanently disabled for the period of January 15, 1970, until December 31, 1970.

"3. Plaintiff presently suffers a 25% partial permanently (sic) disability from January 1, 1971.

"4. Plaintiff did not timely file his claim within one (1) year pursuant to Sec. 59–10–13.6, as said statute existed on July 27, 1966, and he is barred from recovery of compensation.

"5. Defendants are entitled to judgment."

A pertinent portion of the Workmen's Compensation Act (§ 59–10–13.6, N.M.S.A. 1953 [Repl.Vol. 9, pt. 1, Supp.1971]), in effect July 1966, is:

" . . . If an employer or his insurer fails or refuses to pay a workman any installment of compensation to which the workman is entitled . . ., it is the duty of the workman insisting on the payment of compensation, to file a claim therefor . . ., not later than one (1) year after the failure or refusal of the employer or insurer to pay compensation. . . ."

Under this statute plaintiff was required to file his claim within one year after the failure or refusal to pay compensation. Cordova v. Union Baking Company, 80 N.M. 241, 453 P.2d 761 (Ct.App.1969).

The period of limitation does not commence to run until it becomes reasonably apparent, or should become reasonably apparent, to the workman that he has an injury for which he is entitled to compensation. Noland v. Young Drilling Company, 79 N.M. 444, 444 P.2d 771 (Ct.App. 1968); Duran v. New Jersey Zinc Company, supra.

The employer cannot have failed or refused to pay compensation until such time as the injured workman " . . . is disabled to some percentage-extent to perform the usual tasks in the work he was performing at the time of his injury and is unable to some percentage-extent to perform any work for which he is fitted by age, education, training, general physical and mental capacity and previous work experience." Section 59–10–12.19, N.M.S. A.1953 (Repl.Vol. 9, pt. 1, Supp.1971); Bowers v. Wayne Lovelady Dodge, Inc., 80 N.M. 475, 457 P.2d 994 (Ct.App.1969).

**402**

To affirm the judgment of the trial court we would have to hold that non-disabling pain constitutes a compensable injury under the New Mexico Workmen's Compensation Act. This we decline to do. Blancett v. Homestake-Sapin Partners, 73 N.M. 47, 385 P.2d 568 (1963). See also Rayburn v. Boys Super Market, Inc., 74 N.M. 712, 397 P.2d 953 (1964). Compare, however, Gonzales v. Coe, 59 N. M. 1, 277 P.2d 548 (1954). There was no evidence here, as there was in some of the cases cited and relied on by appellees, that the plaintiff's pain prevented him, in any manner whatsoever, from performing all of the duties of his job until January 15, 1970, just as he had prior to the accident. There is no suggestion in the evidence that the plaintiff did not earn the wages paid him after the accident. It follows that there was no failure or refusal to pay compensation prior to January 15, 1970, and the trial court's finding that the plaintiff knew at all times, or by the exercise of reasonable diligence should have known, that he suffered a compensable injury on July 27, 1966, is not supported by substantial evidence and therefore is erroneous. The plaintiff having no disability, under the terms of the Act, prior to January 15, 1970, he could scarcely have "known" of a compensable injury. Conclusions No. 4 and 5, supra, based on the erroneous findings, are also erroneous and are set aside.

The judgment appealed from is reversed and the cause remanded with instructions to vacate the judgment entered March 17, 1971, and to enter a judgment granting the plaintiff weekly compensation benefits in accordance with the trial court's conclusions Nos. 2 and 3. The word "permanently" in each of these conclusions is surplusage.

The appellant is awarded the sum of $1,000 for his attorneys' services in this court and the trial court is instructed to award him fees for his attorneys' services at the trial below.

It is so ordered.

WOOD, C. J., and SUTIN, J., concur.