526 P.2d 803

Fred ROMERO, Plaintiff-Appellant,

v.

AMERICAN FURNITURE COMPANY, Employer, and United States Fidelity and Guaranty Company, Insurer, Defendants-Appellees.

No. 1308.

Court of Appeals of New Mexico.

Aug. 28, 1974.

Certiorari Denied Sept. 20, 1974.

Lopez, J., dissented with opinion.

Quincy D. Adams, Adams & Foley, Albuquerque, for plaintiff-appellant.

Charles A. Pharris, Keleher & McLeod, Albuquerque, for defendants-appellees.

OPINION

HENDLEY, Judge.

On December 16, 1969 plaintiff suffered injury to both elbows in the scope of and arising out of his employment with defendant, American Furniture Company. The injury aggravated a pre-existing bone condition in his elbows, necessitating surgery. After surgery, on December 29, 1969, plaintiff had a limitation of motion in his elbows, but was able to resume work as a physical laborer. Plaintiff's elbow condition allegedly worsened approximately two years after the original injury around December, 1971. As a result plaintiff filed an action on October 25, 1972, for Workmen's Compensation for a scheduled injury, claiming " * * * partial loss of use of * * *" both arms at the elbow, caused by the original injury. Section 59–10–18.4, N.M.S.A.1953 (Repl.Vol. 1960, pt. 1, Supp.1973).

The trial court granted defendants' motion to dismiss pursuant to § 21–1–1(41)(b), N.M.S.A.1953 (Repl.Vol. 1970) for plaintiff's failure to: (1) file a claim within the one year statute of limitations (§ 59–10–13.6, N.M.S.A.1953 (Repl.Vol. 1960, pt. 1, Supp.1973)); and (2) give written notice of claimed disability within thirty days (§ 59–10–13.4, N.M.S.A.1953 (Repl.Vol. 1960, pt. 1)). Plaintiff appeals. Our review is pursuant to the substantial evidence rule. Frederick v. Younger Van Lines, 74 N.M. 320, 393 P.2d 438 (1964). We affirm on the basis of the running of the statute of limitations.

Noland v. Young Drilling Company, 79 N.M. 444, 444 P.2d 771 (Ct.App.1968) states the applicable rule on when the statute of limitations begins to run in Workmen's Compensation cases:

" . . . As soon as it becomes reasonably apparent, or should become reasonably apparent to a workman that he has an injury on account of which he is entitled to compensation and the employer fails or refuses to make payment he has a right to file a claim and the statute begins to run from that date. . . . "

See Bowers v. Wayne Lovelady Dodge, Inc., 80 N.M. 475, 457 P.2d 994 (Ct.App. 1969). On this question the trial court found:

"5. That plaintiff had an impairment of function or limitation of motion in his right elbow after recovery from the surgery (and in his left elbow as well). This impairment of function or limitation of motion resulted in some disability.
" . . .

"7. That this impairment of function or limitation of motion and resulting disability in the elbows was the same on March 2, 1970, when Dr. Rosenbaum released plaintiff from his postoperative care, as it is presently. There has been no increase in disability.

"8. That it was reasonably apparent to plaintiff that he had some limitation of motion or impairment in function and disability of his elbows after recovery from his surgery and before March 2, 1970, but plaintiff did not file the present action until October 25, 1972."

■ Plaintiff first questions the substantiality of the evidence to support these findings, and specifically finding No. 8. He claims the uncontradicted evidence establishes that he did not know his disability was permanent until he was so informed by the doctor on December 14, 1971, within the statutory period. Viewing the evidence in the light most favorable to the court's findings we disagree with plaintiff. Frederick v. Younger Van Lines, supra.

Dr. Rosenbaum testified that plaintiff had a limitation of motion of twenty-five percent at the time he released plaintiff to return to work in January, 1970, approximately the same limitation he had at the time of trial. To the extent plaintiff's elbow movement was limited, he had partially lost the use of the elbows.

Plaintiff testified he was "hurting" for the first six months after surgery. Thereafter when he drove a truck "[i]t was very painful * * *" at times. Since there was an increase in pain, with limitation of motion unchanged, that caused plaintiff to finally see a doctor and file a claim, it should have been "reasonably apparent" to him after surgery that he had a compensable partial loss of use of his elbows.

We further find substantial evidence to support the other challenged finding, No. 7, in the above testimony of Dr. Rosenbaum. Finding No. 5 was not challenged.

■ Plaintiff also argues that despite these findings, the case is controlled by Gomez v. Hausman Corporation, 83 N.M. 400, 492 P.2d 1263 (Ct.App.1971), which held that when the claimant returns to the same work he was doing before the injury he cannot be on notice that he " * * * is unable to some percentage-extent to perform the usual tasks in the work he was performing at the time of his injury. * * *" Section 59–10–12.19, N.M.S.A.

1953 (Repl.Vol. 1960, pt. 1, Supp.1973). Plaintiff in this case did return to substantially the same work after his injury. A workman would be on notice of a compensable scheduled injury when it becomes or should reasonably become apparent to him that he suffered "a partial loss of use" of the scheduled body member. Whether he can continue in his prior employment is not material.

The judgment is affirmed.

It is so ordered.

HERNANDEZ, J., concurs.

LOPEZ, J., dissenting.

LOPEZ, Judge (dissenting).

I respectfully dissent both on the issue of limitation and on the issue of notice.

*One-year limitation*

I do not feel that the findings noted above, as they relate to impairment of motion in claimant's elbows, are sufficient to support the trial court's conclusion that the claim was barred by § 59–10–13.6, N.M. S.A.1953 (Repl.Vol. 9, pt. 1, Supp.1973). They indicate that it was or should have been apparent to claimant from the limitation he suffered after his post-operative convalescence that he had suffered a compensable injury. Yet, he did not file suit until October 25, 1972, which was not within one year of the date he was released from post-operative care.

The trial court, however, failed to find an essential fact. See Worthey v. Sedillo Title Guaranty, Inc., 85 N.M. 339, 512 P. 2d 667 (1973). If the claimant in fact suffered an impairment of motion in his elbows *before* the occurrence of the accident, he could hardly be put on notice of a compensable injury by the fact that it remained in existence. In this event the limitation of motion would have been caused by the pre-existing condition, not the accident.

The problem as to the claimant's pre-accident range of motion is raised by the fact that the claimant had suffered osteochondromatosis since childhood and by the

treating physician's testimony that claimant's medical condition on March 2, 1970, was, ". . . better than before the injury. . . ." Unless there is some basis in the record from which we can infer that the trial court found that there was no pre-existing impairment of motion, we should remand. See Worthey v. Sedillo, supra; Isaac v. Seguritan, 66 N.M. 410, 349 P.2d 126 (1960).

It is true that the burden is upon the claimant to prove compliance with the limitation statutes. Baker v. Shufflebarger & Associates, Inc., 77 N.M. 50, 419 P.2d 250 (1966). It is also true that the trial court rejected the following proposed finding of fact:

"8. This impairment of function or limitation of motion and resulting disability in the Plaintiff's right elbow was less in the spring of 1970, and at all times since then, than it had been prior to December 16, 1969."

The burden and the rejection of the proposed finding could serve as the basis for an inference that the trial court found adversely to the claimant on this issue. See Worthey v. Sedillo Title Guaranty, Inc., supra.

I would not make that inference. First, the finding was proposed by the defendants presumably on the issue of causation. If true, it would tend to establish that claimant could not have been placed on notice of a compensable injury by limitation of motion. Defendants, of course, must establish the opposite proposition to prevail. Second, there is no testimony in the record, other than that of the medical expert set out above, on which a finding could be based. The claimant did testify as follows:

"Q. Did you have any trouble with your elbows during that job?

"A. No, I never did have any difficulties with my elbows.

"Q. Doctor Rosenbaum said you had this problem all your life. Didn't you know you had that problem?

"A. No, I don't recall having problems with my elbows. I never did go to a doctor about my arms."

This testimony was later qualified by claimant. He indicated that when he spoke of problems he meant "medical problems," of the type which would require medical attention. He also encountered some difficulty in pitching a baseball as a child and in heavy lifting later.

I do not feel that claimant's testimony as related above is sufficient to allow an inference on the amount of loss of flexion and extension in his elbows, if any, which he suffered prior to the accident. Accordingly, the case should be remanded for a new hearing and findings on that issue. See Jontz v. Alderete, 64 N.M. 163, 326 P. 2d 95 (1958).

The trial court's findings indicate that it was apparent to plaintiff that he had a compensable injury because of the alleged "limitation of motion *or* impairment in function." It is not clear whether these phrases are used interchangeably or whether there was some additional "impairment of function" which put plaintiff on notice.

We need not interpret the findings. I would hold that there is no other basis in the record for a finding that claimant suffered any other physical impairment before March 2, 1970, which placed him on notice of a compensable injury.

There is some suggestion that claimant should have been placed on notice by the occurrence of the accident and subsequent surgery. He did receive workmen's compensation benefits. They terminated when he returned to work. The claim is that despite the recurrence of his injuries in the fall of 1971, the claimant cannot, " . . . disregard a compensable injury and wait until permanent incapacity results therefrom before he is obliged to file his claim. . . . " Noland v. Young Drilling Company, 79 N.M. 444, 444 P.2d 771 (1968).

The difficulty with this contention is that the trial court found that claimant was put on notice by "impairment[s] in function" remaining "after recovery from his surgery." Thus, there is no finding that the accident and surgery placed claimant on notice.

I do not understand the defendants to claim that any weakness or swelling in the arms and elbows during the convalescent stage put the claimant on notice. Any such claim also is subject to the lack of a finding on the issue since there was no evidence of any swelling or weakness *after* recovery.

The record does indicate that the claimant suffered some pain for an extended period following his release from post-operative care. This could not have put claimant on notice of a compensable injury because it alone was not compensable. It is axiomatic that a claimant cannot be on notice of a compensable injury where he has no present right to compensation. Pain is merely, " * * * incident to the injury suffered. * * * " Sisneros v. Breese Industries, Inc., 73 N.M. 101, 385 P.2d 960 (1963). Section 59–10–18.4, N.M.S.A.1953 (Repl.Vol. 9 pt. 1, Supp.1973) allows recovery for "loss or loss of use" of a member. Here there is no showing that the pain caused any loss of use. In fact, the showing is to the contrary. Claimant continued heavy physical labor after the accident with no apparent difficulty.

*Notice*

With respect to the notice issue the trial court found:

"11. That defendants received proper notice of the original accident of December 16, 1969, and that plaintiff was injured in said accident, or the employer had actual notice thereof, and thereafter the defendants paid plaintiff certain Workmen's Compensation benefits, including medical expense."

In Beckwith v. Cactus Drilling Corporation, 84 N.M. 565, 505 P.2d 1241 (Ct.App. 1972), we held that actual knowledge on the part of the employer within the 30 day period excused the requirement of written notice.

Defendants seek to avoid the effect of *Beckwith* by arguing that where the claimant alleges latent injury, " * * * the policy behind § 59–10–13.4, supra * * *," requires notice to be given even though the employer knows of the accident. The statute is clear and unambiguous. It is not our province to construe or interpret it. The actual knowledge provision is satisfied if there is knowledge of the accident. Knowledge of the injury, latent or otherwise, is not mentioned and is not relevant. To hold otherwise would be reading words into the statute. Beckwith v. Cactus Drilling Corporation, supra.

The judgment of dismissal should be reversed.