737 P.2d 1174

**Mary G. ZENGERLE, Plaintiff-Appellee,**

**v.**

**CITY OF SOCORRO and Mission Insur-
ance Company, Defendants-Appellants.**

**No. 8877.**

Court of Appeals of New Mexico.

Sept. 25, 1986.

Certiorari Quashed June 1, 1987.

Howard R. Thomas, Sager, Curran, Sturges & Tepper, P.C., Albuquerque, for defendants-appellants.

Catherine Gordon, Duhigg, Cronin & Spring, Albuquerque, for plaintiff-appellee.

## OPINION

BIVINS, Judge.

In this worker's compensation case, defendants appeal from a judgment awarding

plaintiff total disability and related benefits, claiming as error the trial court's refusal to find plaintiff's claim barred by the statute providing time limitations for filing a claim. This appeal presents the question of when does it, or when should it, become reasonably apparent to a worker, who suffers from a gradually developing job-related stomach ulcer, that she has a compensable injury on account of which she is entitled to compensation. The trial court found that such occurred when plaintiff became totally disabled and could no longer work, more than eight years following the onset of her symptoms. Under the circumstances of this case, we agree and affirm. Three additional issues hinge on the time limitation question, and may be disposed of summarily.

We first summarize the trial court's findings of fact. Plaintiff worked for the City of Socorro (City) from 1972 through September 23, 1983, when she resigned on her doctor's advice that, because of her medical condition, she could no longer work. This medical condition, a stomach ulcer caused by work-related stress, first manifested itself in March of 1975 when plaintiff was admitted to the hospital for diagnosis and treatment. Following this hospitalization, plaintiff returned to her job as a cashier at the same rate of pay and same duties with no disability. Plaintiff continued under her doctor's care as needed until November 1976 when she again was hospitalized for an acute attack of stomach pain. Plaintiff's doctor diagnosed a bleeding ulcer and removed a portion of her stomach. Plaintiff returned to her job as a cashier in January 1977, again with the same duties and rate of pay and with no disability.

On April 18, 1981, plaintiff was admitted to the hospital because she was vomiting blood. Based on her doctor's advice, plaintiff requested reassignment to a job with less stress. She told her employers at this time she would have to retire because of the stress of her job. Following her hospitalization, plaintiff returned to work for the City as an account secretary, a job "ostensibly with less stress." From this point until her resignation in 1983, plaintiff's condition worsened. The stress of her employment accelerated and aggravated the ulcer which eventually resulted in plaintiff's inability to work in 1983.

From the onset of her complaints in 1975 until she resigned, plaintiff knew her gastrointestinal problems were work-related. Her doctors so advised her. Plaintiff was temporarily totally disabled for six weeks in 1975, six weeks in 1976 and three weeks in 1977 on account of her ulcer. She also incurred medical expenses. At no time prior to her resignation in September 1983 did plaintiff file a claim for worker's compensation benefits. None were paid. Plaintiff utilized sick leave and vacation time for all or a part of her absences, and used the City's group health insurance to pay her medical expenses.

The trial court found that plaintiff suffered an accidental injury in the form of a stomach ulcer which arose out of and in the course of her employment with the City, and that this accidental injury totally disabled plaintiff in September 1983. Plaintiff filed this action on March 20, 1984.

NMSA 1978, Section 52–1–31(A) provides in relevant part:

> If an employer or his insurer fails or refuses to pay a workman any installment of compensation to which the workman is entitled * * * it is the duty of the workman insisting on the payment of compensation to file a claim therefor as provided in the Workmen's Compensation Act, not later than one year after the failure or refusal of the employer or insurer to pay compensation. This one year period of limitations shall be tolled during the time a workman remains employed by the employer by whom he was employed at the time of such accidental injury, not to exceed a period of one year. If the workman fails * * * to file a claim for compensation within the time required by this section, his claim for compensation, all his right to the recovery of compensation and the bringing of any legal proceeding for the recovery of compensation are forever barred.

The statutory period begins to run "[a]s soon as it becomes reasonably apparent, or

should become reasonably apparent to a workman that he has an injury on account of which he is entitlted to compensation and the employer fails or refuses to make payment he has a right to file a claim and the statute begins to run from that date." *Noland v. Young Drilling Co.*, 79 N.M. 444, 447, 444 P.2d 771, 774 (Ct.App.1968). *See also ABF Freight System v. Montano*, 99 N.M. 259, 657 P.2d 115 (1982).

The precise question presented in this appeal is when did it become reasonably apparent to plaintiff that she had an injury on account of which she was entitled to compensation? We know from the unchallenged findings that plaintiff knew at all times that her ulcer was related to the stress of her job; that the condition fluctuated symptomatically from 1975 to 1981 and worsened after that date; that plaintiff missed time from work while recovering from episodes in 1975, 1976–77 and 1981; and that the employer and its insurer never paid any compensation or other benefits.

■ Defendants first claim it should have been reasonably apparent to plaintiff that she had a compensable claim when she was temporarily totally disabled in 1975, 1976 and 1977, and when she incurred medical expenses from 1975 forward, and neither the City nor its compensation insurer paid temporary disability or medical expenses. We disagree. The statute of limitations does not apply to medical expenses, and medical expenses may be claimed even though the right to claim installment payments of compensation may be barred. *Nasci v. Frank Paxton Lumber Co.*, 69 N.M. 412, 367 P.2d 913 (1961).

Does the failure to pay temporary disability trigger the running of the statute? A worker is entitled to compensation when he or she becomes disabled within the meaning of the Act. *See Cardenas v. United Nuclear Homestake Partners* 97 N.M. 46, 636 P.2d 317 (Ct.App.1981); *Lamont v. New Mexico Military Institute*, 92 N.M. 804, 595 P.2d 774 (Ct.App.1979). NMSA 1978, Section 52–1–24 defines total disability as:

[A] condition whereby a workman, by reason of an injury arising out of, and in the course of, his employment, is wholly unable to perform the usual tasks in the work he was performing at the time of his injury, and is wholly unable to perform any work for which he is fitted by age, education, training, general physical and mental capacity and previous work experience.

The definition for partial disability differs only in that the worker need be "unable to some percentage-extent" to perform work. NMSA 1978, § 52–1–25. *See Medina v. Zia Co.*, 88 N.M. 615, 544 P.2d 1180 (Ct. App.1975).

■ The fact that plaintiff may have been entitled to some compensation for temporary disability in 1975, 1976 and 1977 should not necessarily bar her recovery in the present case for permanent disability. Although the statutory scheme defines the same period of limitations for partial and total disability, it makes little sense to use the same limitations period for temporary and permanent disability. Partial and total disability are not two concepts, but two segments of one disability continuum. *Maes v. John C. Cornell, Inc.*, 86 N.M. 393, 524 P.2d 1009 (Ct.App.1974). *See also Noland v. Young Drilling Co.* In contrast, temporary and permanent disability are two concepts. Temporary disability lasts for a limited time only and ceases when the condition becomes static or stationary. *See Lane v. Levi Strauss & Co.*, 92 N.M. 504, 590 P.2d 652 (Ct.App.1979). Permanent disability does not last for a limited time only.

This position is bolstered by *Cordova v. City of Albuquerque*, 71 N.M. 491, 379 P.2d 781 (1962), where the court stated that a return to previous employment and payment of regular wages for the performance of usual duties, absent any suspicious circumstances, relieves the employer of the duty to make compensation payments. Therefore, the court reasoned, the employee's obligation to file a suit during such a period is suspended and the statute of limitations is tolled. The court affirmed the trial court's judgment which awarded the worker thirty-five percent disability, even though he had returned to work subse-

quent to his injury and was discharged six months later because he was unable to do heavy manual labor. Applying *Cordova v. City of Albuquerque* to the present case, because plaintiff returned to her previous employment after her temporary disabilities in 1975, 1976 and 1977, defendants were relieved from their obligation to pay her compensation after those periods.

Defendants next argue that, at the very least, plaintiff became aware she had a compensable claim in 1981 when, following a two-day hospitalization, she requested and obtained a reassignment from cashier to a less stressful job.

We have already said that a worker is entitled to compensation when he or she becomes disabled. Two tests are involved in the definition of total or partial disability: the inability, either wholly or partially, to (1) perform the usual tasks of the work the worker was doing at the time of the injury, and (2) to perform any work for which the worker is fitted. §§ 52–1–24 and –25; *Medina v. Zia Co.* The first test was met in April 1981 when, following brief hospitalization, plaintiff was unable to return to work as a cashier.

The second test was not met, however, until September 1983 when, because of the ulcer, plaintiff could no longer work and, on the advice of her doctor, resigned her position with the City. After reciting plaintiff's return to work in April 1981 as an account secretary, the trial court found: "Plaintiff worked as an Account Secretary, *with no disability*, until September 1983. During this time Plaintiff was under doctor's care and was taking medication to control her stomach problems." (Emphasis added.)

In a footnote in their brief-in-chief, defendants state that they are challenging the above-quoted finding and other findings made by the trial court as unsupported by substantial evidence. If defendants' challenge goes to the sufficiency of the evidence, it will be disregarded because they do not provide this court with a resume of all facts relevant to the issue with transcript references. *See* NMSA 1978,

Crim., Child.Ct., Dom.Rel. & W/C App.R. 501(a)(3) and (4) (Cum.Supp.1985); *City of Farmington v. Sandoval,* 90 N.M. 246, 561 P.2d 945 (Ct.App.1977). While characterized as an attack on the evidence, we understand defendants' real challenge goes to the legal effect of all findings. Defendants appear to be challenging the legal conclusions drawn from the findings as made. Our analysis answers this challenge.

If plaintiff was not partially disabled after reassignment to the position of account secretary, then the trial court's finding that she suffered an accidental injury on or about September 23, 1983, which totally disabled her from working as of that date, supports a conclusion that the claim was timely filed.

All we know from the findings is that plaintiff worked as an account secretary without disability until September 1983; that during that time she was under a doctor's care and taking medication to control her stomach problems; that her condition worsened; and that the continued stress accelerated and aggravated the ulcer which eventually resulted in her total disability in 1983.

Notwithstanding the gradual deterioration of her condition, there is no indication that the position of account secretary did not approximate that of cashier, nor is there any showing that plaintiff could not perform all the duties of that position. *Cf. Anaya v. New Mexico Steel Erectors, Inc.,* 94 N.M. 370, 610 P.2d 1199 (1980); *Amos v. Gilbert Western Corp.,* 103 N.M. 631, 711 P.2d 908 (Ct.App.1985).

A number of cases discuss when a partial disability triggers the running of the statute of limitations. In *ABF Freight System v. Montano,* plaintiff, following hospitalization, returned to the same job. The supreme court reversed this court and affirmed the trial court's finding that plaintiff's claim was barred by Section 52–1–31. In that case, the statute was triggered by a disability evidenced by plaintiff working with pain, by a reduction of his activities, by his requesting others to assist him in his duties, by his seeking medical attention, and by his application of home remedies to

relieve pain and disability. *See also Romero v. American Furniture Co.,* 86 N.M. 661, 526 P.2d 803 (Ct.App.1974) (dismissal upheld where it was reasonably apparent to the worker that he had some restriction of motion but failed to file within the time limitation); *Bowers v. Wayne Lovelady Dodge, Inc.,* 80 N.M. 475, 457 P.2d 994 (Ct.App.1969) (statute commenced to run after plaintiff returned to work but at times was unable to stand by himself, at other times he had to lay down, had convulsions and abnormal behavior, and was assigned a helper); *Cordova v. Union Baking Co.,* 80 N.M. 241, 453 P.2d 761 (Ct.App. 1969) (summary judgment for defendant upheld where plaintiff required assistance of co-workers with heavy lifting).

 We observe a common thread running through cases such as *ABF Freight System, Romero, Bowers* and *Cordova.* In each case, the worker either returned to a job with less strenuous duties or was unable to perform the duties without assistance, or was unable to perform because of some limitation, such as disabling pain or limitation of motion, or absence from work. In the present case, we have no evidence of a reduction in duties, the need for assistance, absence from work or proof that plaintiff worked with any limitation or disabling pain, although we might assume some pain from the nature of the injury. *See Gomez v. Hausman Corp.,* 83 N.M. 400, 492 P.2d 1263 (Ct.App.1971) (nondisabling pain does not constitute a compensable claim). While it may appear incredulous that plaintiff, with a deteriorating condition aggravated and accelerated by the stress of her work and while under a doctor's care and taking medication, could perform without any of the indicia of disability until her final day of work when she became totally disabled, we have been shown no evidence that this did not happen. Failure to comply with the rule that the substance of all relevant facts, with transcript references, be stated in the brief will result in the trial court's findings being left undisturbed. *Giovannini v. Turrietta,* 76 N.M. 344, 414 P.2d 855 (1966). A reviewing court will not search the record to find facts with which to overturn the lower court's findings. *Totah Drilling Co. v. Abraham,* 64 N.M. 380, 328 P.2d 1083 (1958).

For this court to reverse, we would have to hold as a matter of law that returning to a position which apparently approximated plaintiff's work as a cashier without either apparent disabling pain, or reduction of activities, or the need of assistance, or missing time from work, or functioning below a normal level constitutes a disablement. We do not believe the Workmen's Compensation Act or the cases construing it require that result. Therefore, we hold the trial court correctly found that disability commenced in September 1983 and, accordingly, plaintiff's action was within the time limitation.

If the reassignment to a position "ostensibly with less stress" amounted to an acknowledgment of a partial disability, we might reach a different result; however, without the benefit of facts as to the nature of the job or what it entails, we are constrained to accept the trial court's finding that plaintiff worked "with no disability" until she resigned.

 In reaching this result, we have not overlooked *Lent v. Employment Security Commission,* 99 N.M. 407, 658 P.2d 1134 (Ct.App.1982), in which we held that the limitation period did not begin anew when plaintiff became totally disabled where the period had previously commenced running for partial disability. We reaffirm, as stated in *Lent* and *Noland,* the principle that the running of the statute may not be delayed until a more serious disability is ascertainable. That is not the situation here. Since there was no partial disability, plaintiff did not forestall filing until a partial disability became total. Rather, she suffered from a progressive condition which did not become compensable until she was totally disabled.

 Defendants claim error in the trial court's refusal to grant them summary judgment. In *Pena v. New Mexico Highway Department,* 100 N.M. 408, 671 P.2d 656 (Ct.App.1983), this court held that a determination of the timeliness of filing a

claim may be decided as a question of law only if under the undisputed facts there is no room for a reasonable difference of opinion. Here, the trial court had to determine from the evidence when a compensable claim arose, clearly a question of fact.

Defendants' last two points involve what rate of pay should have been used, and whether plaintiff was entitled to attorney fees below. In view of our disposition of the time limitation issue, it is clear that the trial court correctly used the 1983 rate of pay to determine the compensation rate, and that the trial court did not err in awarding attorney fees to plaintiff.

We affirm the judgment and allow plaintiff $2,000 attorney fees for her success on appeal in preserving her award.

IT IS SO ORDERED.

HENDLEY, C.J., and FRUMAN, J., concur.