896 P.2d 494

**Helen FUENTES, Worker–Appellant,**

v.

**SANTA FE PUBLIC SCHOOLS, Employer–Appellee.**

**No. 15451.**

Court of Appeals of New Mexico.

April 20, 1995.

Jane Bloom Yohalem, Nancy L. Kantrowitz, The Law Offices of Simon & Oppenheimer, Santa Fe, for worker-appellant.

David L. Skinner, Pelton & O'Brien, P.A., Albuquerque, for employer-appellee.

## OPINION

WECHSLER, Judge.

Helen Fuentes (Worker) filed for workers' compensation benefits against the Santa Fe Public Schools (Employer) in connection with an injury she sustained in the course and scope of her employment. The Workers' Compensation Administration (WCA) ruled against her claim, and she appeals.

The issues on appeal are: (1) whether Employer's failure to pay Worker temporary disability benefits triggered the running of the statute of limitations for a permanent disability claim; and (2) whether Worker preserved the limitations issue. We hold that the statute of limitations was not triggered and that Worker adequately preserved the limitations issue. Accordingly, we reverse.

## FACTS

Worker was injured on January 3, 1991, in an accident arising out of her employment with Employer. She took four and one-half days of sick leave from January 4 to January 11, 1991. Employer failed or refused to pay Worker compensation benefits for this period. Between January 14 and August 13, 1991, Employer and its insurer paid workers' compensation benefits. Worker worked part-time for Employer, from February 28, 1991 through August 12, 1991. On August 13, 1991, Worker returned to full-time employment with Employer at her pre-injury wage and was able to perform all her previous duties. Since then, she has continued to be able to perform all her duties, both with Employer and with a subsequent employer in a similar position, except for one day in March 1992 and three days in March 1993. Employer failed or refused to pay compensation benefits for those four days. On July 26, 1993, Worker reached maximum medical improvement (MMI). Since that time (and even since August 13, 1991), she has been earning at least as much as her pre-injury wage.

On May 27, 1993, Worker filed a claim for both temporary total disability and permanent partial disability benefits. The Workers' Compensation Judge (WCJ) found that Worker had been temporarily totally disabled from January 3, 1991 to August 13, 1991, and during the periods in March 1992 and March 1993 when she could not perform her duties. The WCJ further found that, as of July 26, 1993, Worker had a permanent partial disability with an impairment of 11%. However, the WCJ denied Worker's permanent disability claim because Worker had failed to timely claim the temporary disability benefits to which she was entitled.

Worker appeals only the denial of her permanent disability claim. Therefore, we will not consider the merits of her claim for temporary total disability.

## DISCUSSION

### I. *Statute of Limitations*

The limitations provision of the Workers' Compensation Act (the Act) states in pertinent part:

A. If an employer or his insurer fails or refuses to pay a worker any installment of compensation to which the worker is entitled under the Workers' Compensation Act ... it is the duty of the worker insisting on the payment of compensation to file a claim ... not later than one year after the failure or refusal of the employer or insurer to pay compensation. This one-year period of limitations shall be tolled during the time a worker remains employed by the employer by whom he was employed at the time of such accidental injury, not to exceed a period of one year. If the worker fails ... to file a claim for compensation within the time required by this section, his claim for compensation, all his right to the recovery of compensation and the bringing of any proceeding for the recovery of compensation are forever barred.

NMSA 1978, § 52–1–31(A) (Repl.Pamp.1991). Employer asks us to construe this provision in accordance with the ordinary meaning of its language. According to Employer's argument, because Employer failed or refused to pay compensation benefits in January 1991 and March 1992, which benefits can be considered installments within the meaning of the Act, the statute of limitations on Worker's claim for permanent partial disability benefits began to run in January 1991. If that were the case, the statute of limitations would have expired no later than November 1992 (one year after Worker left her employment with Employer).

Worker asks that we apply *Zengerle v. City of Socorro*, 105 N.M. 797, 737 P.2d 1174 (Ct.App.1986), *cert. quashed*, 105 N.M. 781, 737 P.2d 893 (1987), *overruled by Whittenberg v. Graves Oil & Butane Co.*, 113 N.M. 450, 827 P.2d 838 (Ct.App.1991), *cert. denied*, 113 N.M. 352, 826 P.2d 573 (1992), to the facts of this case. She also asks that we either find *Whittenberg* inapplicable or overrule *Whittenberg*. *Zengerle* held that the statute of limitations for a compensation claim for permanent total disability benefits is not triggered by a temporary disability after which the worker is able to return to work without a measurable reduction in his or her capacity to perform pre-injury duties. *Zengerle*, 105 N.M. at 802, 737 P.2d at 1179. *Whittenberg* overruled *Zengerle*, rejecting

the notion that temporary and permanent disability are meaningfully distinguishable for purposes of the statute of limitations. *Whittenberg*, 113 N.M. at 454, 827 P.2d at 842. Both *Zengerle* and *Whittenberg* were based on statutes that were in effect prior to 1991.

A 1990 amendment to the Act revised the definition of permanent partial disability. The earlier version of the Act defined both temporary and permanent disability in terms of a worker's capacity to perform his or her duties. NMSA 1978, § 52–1–26(B), (C) (Repl.Pamp.1991) (effective until January 1, 1991). Under the new version, temporary disability is still defined in terms of capacity. NMSA 1978, § 52–1–25.1(A) (Repl. Pamp.1991) (effective January 1, 1991). On the other hand, the definition of permanent partial disability depends on whether the worker is earning more or less than the pre-injury wage at the time he or she reaches MMI. If the worker is earning less, permanent partial disability is calculated as a percentage based on impairment as well as a number of factors which relate to the worker's ability to perform work. NMSA 1978, § 52–1–26(C) (Repl.Pamp.1991) (effective January 1, 1991); *see also Leo v. Cornucopia Restaurant*, 118 N.M. 354, 357–58, 881 P.2d 714, 717–18 (Ct.App.), *cert. denied*, 118 N.M. 430, 882 P.2d 21 (1994). However, if the worker is earning as much or more than the pre-injury wage, permanent partial disability is defined solely in terms of impairment, which is determined using medical standards. NMSA 1978, § 52–1–24(A) (Repl.Pamp.1991) (effective January 1, 1991); Section 52–1–26(D).

Although Worker was earning at least as much as her pre-injury wage after reaching MMI, we do not think that the circumstances of this case require us to revisit *Whittenberg*. Instead, we decide this case in favor of Worker based on our belief that the installments of compensation that Employer failed or refused to pay were de minimis.

■ The doctrine of de minimis is used to avoid unjust results in cases where an error, violation of a law or regulation, or failure to comply with certain requirements is so minor

as to not justify drastic legal consequences of the error, violation, or failure. *See, e.g., Wisconsin Dep't of Revenue v. William Wrigley, Jr., Co.,* 505 U.S. 214, 231–233, 112 S.Ct. 2447, 2457–58, 120 L.Ed.2d 174 (1992) ("[T]he venerable maxim *de minimis non curat lex* ('the law cares not for trifles') is part of the established background of legal principles against which all enactments are adopted, and which all enactments (absent contrary indication) are deemed to accept."); *K.L. Conwell Corp. v. City of Albuquerque,* 111 N.M. 125, 130, 802 P.2d 634, 639 (1990) (de minimis defective compliance with a contractual requirement should not defeat the entire contract); *Hardware Mut. Casualty Co. v. Industrial Comm'n,* 19 Ariz.App. 524, 527, 508 P.2d 1168, 1171 (1973) (overpayment by fifteen cents in worker's compensation monthly benefits because of hearing officer's miscalculations deemed de minimis); *Gardner v. Van Buren Pub. Sch.,* 445 Mich. 23, 517 N.W.2d 1, 7 (1994) (claimant in a workers' compensation case must show more than a de minimis connection between disability and injury); *Viera v. Level Line, Inc.,* 276 N.J.Super. 646, 648 A.2d 748, 753 (Ct.App. Div.1994) (same); *Patitucci v. Boise Cascade Corp.,* 8 Or.App. 503, 495 P.2d 36, 38 (1972) (same).

■ In *Stolworthy v. Morrison–Kaiser F & S,* 72 N.M. 1, 3, 380 P.2d 13, 14 (1963), our Supreme Court suggested that the employer's failure to pay two days of compensation benefits was de minimis, although the Court ruled that the worker was entitled to those payments. In that case, the employer was not severely prejudiced by having to pay the small amount of money in question. In contrast, Worker in this case stands to lose permanent disability benefits because of a failure to sue Employer for five and one-half days of temporary disability benefits.

In situations such as the one at bar, it might simply not be worthwhile to a worker to file a minor claim, and legal counsel may not be available to handle such a claim. In the present case, Worker chose to take sick leave for four and one-half days in January 1991 rather than claim compensation benefits for that period, which would have amounted to only two-thirds her normal salary. She

also missed one day of work in March 1992 and was refused compensation benefits for that day.

In interpreting the limitations provision, we are guided by the intent of the legislature. We agree with Worker that the legislature could not have intended to require a worker to make every possible claim for temporary disability benefits, no matter how minor, to preserve a possible claim for future benefits. We note that the legislature decided to disallow compensation benefits in cases in which a disability lasts for seven days or less. NMSA 1978, § 52–1–40 (Repl. Pamp.1991). We view this statutory provision as an indication that the legislature considers seven days of compensation benefits to be de minimis. In this case, Worker failed to file a claim for five and one-half days of benefits within the period of limitations for filing such claims. Under the de minimis principle, the statute of limitations does not bar Worker from claiming subsequent disability benefits despite her failure to file the temporary disability claims.

## II. *Preservation*

■ Employer contends that Worker waived the right to challenge the WCJ's finding regarding the expiration of the statute of limitations because Worker actually requested that finding. Worker never filed requested findings of fact and conclusions of law, but rather submitted a compensation order that reflected the decision the WCJ had already made in his dismissal order. As Employer points out, SCRA 1986, 1–052(B)(1)(f) (Repl. 1992), provides that specific findings and conclusions not requested by a party will be waived. While this rule is a district court rule applicable to non-jury trials, it applies equally to workers' compensation hearings. NMSA 1978, § 52–5–8(B) (Repl.Pamp.1991); *Pennington v. Chino Mines,* 109 N.M. 676, 678, 789 P.2d 624, 626 (Ct.App.1990). However, the rule does not prevent this Court from reviewing the WCJ's "findings of fact and conclusions of law to determine whether the conclusions appropriately flowed from the findings of fact made." *Thomas v. City of Santa Fe,* 112 N.M. 456, 459, 816 P.2d 525, 528 (Ct.App.), *cert. denied,* 112 N.M. 308, 815

P.2d 161 (1991); *see also Blea v. Sandoval,* 107 N.M. 554, 556–57, 761 P.2d 432, 434–35 (Ct.App.), *cert. denied,* 107 N.M. 413, 759 P.2d 200 (1988).

The parties in this case do not contest the findings of fact that bear on the question of the running of the statute of limitations. The question itself is a purely legal one. Worker adequately preserved the question below during closing argument. Therefore, we have properly considered the limitations issue.

## CONCLUSION

The WCA's decision against Worker's claim for permanent partial disability is hereby reversed and remanded for a determination of Worker's benefits.

IT IS SO ORDERED.

A. JOSEPH ALARID, and BRUCE D. BLACK, JJ., concur.