258 P.2d 375

**MARTINEZ et al. v. COOK et al.**

**No. 5632.**

Supreme Court of New Mexico.

June 11, 1953.

Harry L. Bigbee, Donnan Stephenson, Santa Fe, for appellants.

Gilbert, White & Gilbert, Santa Fe, for appellees.

McGHEE, Justice.

On the former appeal of this case, 1952, 56 N.M. 343, 244 P.2d 134, we affirmed the

action of the trial court in dismissing the second amended complaint for failure to state a cause of action in certain particulars there stated. The defendants did not secure a judgment dismissing the cause of action following the announcement by the plaintiffs they would stand on their second amended complaint. Absent a judgment, the appeal was necessarily taken under Supreme Court Rule 5, sec. 2, which provides appeals may be taken in all civil actions from such interlocutory judgments, orders or decisions of the district courts as practically dispose of the merits of the case.

Following the affirmance and remand the plaintiffs asked leave to file a third amended complaint which was denied by the trial court on the grounds the plaintiffs had twice amended their complaint, and upon the further grounds that under the opinion and mandate of the Supreme Court it lacked jurisdiction to grant leave to amend. The present appeal followed. The mandate stated the cause was remanded for such further proceedings as might be proper, if any, consistent with the opinion and the judgment of the Court.

Following affirmance perhaps the plaintiffs were required to first move to set aside such order of dismissal under Rule 60(b), Rules of Civil Procedure, and secure a favorable ruling thereon before filing the motion to amend. The plaintiffs secured their appeal under our Rule 5, sec. 2, on at least the implied representation the order of dismissal practically disposed of the merits of the case. Certainly it was never the intention of the statutes or rules regulating appeals that one meeting with adverse rulings on his pleadings could withdraw from the combat below, bring his pleadings here, have us point out the deficiencies, and then return, amend the defective pleading and resume the battle with his adversary.

The steps necessary to be taken following the affirmance of a judgment and remand under Rule 60(b) are discussed in Young v. Garrett, 8 Cir., 1947, 159 F.2d 634; Carpenter v. Rohm & Hass Co., Inc., D.C., 1949, 9 F.R.D. 535, affirmed 3 Cir., 1950, 180 F.2d 749, without opinion, certiorari denied 1950, 340 U.S. 841, 71 S.Ct. 30, 95 L.Ed. 617; and Von Wedel v. McGrath, D.C., 1951, 100 F.Supp. 434. The law with reference to amendments under Rule 15(a), Rules of Civil Procedure, is also ably discussed there.

As this appeal may be disposed of by a determination of the question whether the trial court abused its discretion in denying the motion for the third amendment, we will omit any consideration of the failure to comply with Rule 60(b).

Rule 15(a), supra, under which the right to again amend is claimed, so far as material here, reads:

"A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within twenty days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. * * *"

A party may amend his pleadings one time as a matter of right under the conditions of the first sentence of the rule, but the granting of leave to make further amendments rests in the discretion of the trial court, subject, of course, to review here for abuse of such discretion. Such, we believe, is the universal holding of the courts having such rule, and is the one adhered to by the federal cases set out above in connection with Rule 60(b).

What is the situation here? The complaint had been twice amended, and on the last adverse ruling the plaintiffs, represented by competent counsel, of their own free will determined to stand on their last pleading and bring the case here for review, confident, no doubt, they would obtain a reversal. On the oral argument and in the briefs on this appeal counsel for plaintiffs complain time and again the case so far has been a mere exercise in pleading. This may be true so far as they are concerned, but not so with the writer who spent more than a month at hard study reading innumerable opinions before writing the opinion on the former appeal, and labored under the impression he had written an opinion settling important legal questions in this state. Other members of this Court likewise spent considerable time studying the case. A large part of the work in this Court was occasioned by our desire to save the case for plaintiffs.

As stated in the Von Wedel case, supra, and the cases cited in that opinion, including Ackermann v. United States, 1950, 340 U.S. 193, 198, 71 S.Ct. 209, 95 L.Ed. 207, there must be an end to litigation some day, and free, calculated, deliberate choices are not to be relieved therefrom.

We conclude the trial court did not abuse its discretion in denying the motion for leave to further amend. Its action is affirmed.

It is so ordered.

COMPTON, COORS and LUJAN, JJ., concur.

SADLER, C. J., not participating.