270 P.2d 386

HOOVER

v.

CITY OF ALBUQUERQUE.

No. 5725.

Supreme Court of New Mexico.

May 7, 1954.

See also 56 N.M. 525, 245 P.2d 1038.

F. L. Nohl, Albuquerque, for appellant.

Thomas G. Cornish, C. Vance Mauney, Albuquerque, for appellee.

McGHEE, Chief Justice.

The plaintiff complains upon this appeal of the judgment of the trial court notwithstanding verdict that her action, seeking to recover damages for the defendant's failure to retire municipal special assessment paving bonds in numerical order, the accepting of bonds in satisfaction of special assessments, and the use of funds belonging to

the paving district in question for the payment of obligations of other districts, is barred by applicable statute of limitation.

Plaintiff's testator was the owner of certain bonds issued by the defendant December, 1927, and payable to bearer November, 1938.

Section 27–122, 1941 Comp., provides:

"No suit, action or proceeding at law or equity, for the recovery of judgment upon, or the enforcement or collection of any sum of money claimed due from any city, town or village in this state, or from any officer as such of any such city, town or village in this state, arising out of or founded upon any ordinance, trust relation, or contract written or unwritten, or any appropriation of or conversion of any real or personal property, shall be commenced except within three (3) years next after the date of the act of omission or commission giving rise to the cause of action, suit or proceeding; and no suit, action or proceeding to recover damages for personal injury or death resulting from the negligence of any city, town or village, or any officer thereof, shall be commenced except within one (1) year next after the date of such injury. All such suits, proceedings or actions not so commenced shall be forever barred, provided, however, that as to

all such actions heretofore accrued, suit to recover thereon may be instituted at any time on or before December 31, 1941, but not otherwise. (Laws 1941, ch. 181, § 1, p. 337.)"

The appellant rests her argument the above statute of limitation does not bar the present action upon the contention the relation between the defendant city and the bondholder is one of trust, and that statutes of limitation do not begin to run against such bondholder until there is a distinct repudiation of the trust by the city.

It is true such was declared to be the rule applicable in Crist v. Town of Gallup, 1947, 51 N.M. 286, 183 P.2d 156, the case so heavily relied upon by appellant, but what is said therein can have no application to the present case. The Crist case was governed by the provisions of the old statute of limitation, Laws 1880, ch. 5, which, at § 17, 27–117, 1941 Comp. provided its limitations should not run against causes of action arising out of trusts where the defendant had fraudulently concealed the cause of action or its existence from the party entitled to bring action. As is pointed out in the Crist case on Motion for Rehearing, at pages 290, 293, 51 N.M., 183 P.2d 158, that action was brought just two days before the time allowed in the saving clause of § 27–122 expired. The saving clause had the effect of reviving actions theretofore barred, provided they were filed on or before the date specified, December 31, 1941.

In the present case, the bonds matured in November of 1938 and were thenceforth in default. Action was not instituted until the year 1950. Regardless of whether the failure of the city to take up the bonds when due and its other actions complained of constitute or do not constitute a "distinct repudiation" of the trust relation, there is nothing to uplift the bar of § 27–122. It specifically provides a three year period of limitation after the date of the act giving rise to the cause of action arising out of or founded upon "any ordinance, trust relation, or contract written or unwritten, or any appropriation of or conversion of any real or personal property," and further provides as to "all such actions heretofore accrued, suit to recover thereon may be instituted at any time on or before December 31, 1941, but not otherwise." We are convinced the legislative intent was to exclude the necessity of repudiation or notice thereof and to bar such actions as the present one within the time limited.

Appellant attempts to defeat the bar of § 27–122 by urging it was not properly pleaded, that such statute is an example of special legislation prohibited by art. 4, § 24, New Mexico Constitution, and lastly, that it operates to impair the obligation of a contract in violation of art. 1, § 10, United States Constitution and art. 2, § 19, New Mexico Constitution.

The defendant's original answer filed in this cause set out as its paragraph one that the plaintiff's complaint was barred by the statute of limitation on such municipal obligation. Subsequently a supplemental answer was filed setting out failure of consideration, that the plaintiff was not a holder in due course, and that the complaint failed to state a claim upon which relief could be granted. The supplemental answer failed to incorporate the allegations of the earlier answer, and argument is therefore made such allegations were abandoned, including as they did the pleading of the statute of limitation.

It is unnecessary to rule upon the effect of the failure to bring forward in the supplemental answer the allegations of the original answer, as the trial court allowed an amendment to incorporate the original answer in the supplemental answer. The allowance of this amendment was a matter resting in the discretion of the court, and there is no basis in this case to urge such discretion has been abused. Martinez v. Cook, 1953, 57 N.M. 263, 258 P.2d 375.

With regard to the argument the statute of limitation here involved is an example of special legislation, we are in agreement with the position of appellee that such legislation meets the test announced in Davy v. McNeill, 1925, 31 N.M. 7, 240 P. 482, 486:

"To be a general law, it is only necessary that the law be framed in general terms and operate on all objects of

legislation distinguished by a reasonable classification. It must be general in its application to a particular class and all of the class within like circumstances."

See also, Hutcheson v. Atherton, 1940, 44 N.M. 144, 99 P.2d 462, and State v. Atchison T. & S. F. Ry. Co., 1915, 20 N.M. 562, 151 P. 305, for further discussion of general and special legislation.

▆▆ The argument § 27–122 is an impairment of the obligations of contract must be ruled against appellant. This statute became effective July 15, 1941. As has been seen above, the bondholders had at least from November, 1938, the time the bonds were in default, to July 15, 1941, in which to bring their actions under the law as declared in the Crist case, supra, and had in addition a period of over five months in which to bring action under the saving clause of § 27–122. Certainly a reasonable and ample time was allowed the bondholders to pursue their remedies. The rule is where a reasonable time is allowed in which actions may be brought before they will be barred, there is no impairment of the obligations of contract. See 158 A.L.R. 1043, at page 1048 et seq., and 12 Am.Jur. (Constitutional Law) § 445.

Appellant's action being irrefutably barred by applicable statute of limitation, there was nothing to go to the jury and the trial court was not in error. in entering judgment for the defendant notwithstanding the verdict of the jury.

It follows, therefore, the judgment appealed from should be affirmed, and it is so ordered.

SADLER, COMPTON, LUJAN and SEYMOUR, JJ., concur.