552 P.2d 1235

Marcella **VILLEGAS**, Plaintiff-Appellant,

v.

AMERICAN SMELTING AND REFINING COMPANY, INC., Defendant-Appellee.

No. 2477.

Court of Appeals of New Mexico.

July 27, 1976.

## OPINION

WOOD, Chief Judge

Proceeding under § 59–10–13.5, N.M.S.A. 1953 (2d Repl. Vol. 9, pt. 1, Supp.1975), plaintiff sought a lump-sum payment of workmen's compensation benefits. The trial court dismissed plaintiff's petition for failure to state a claim upon which relief could be granted. Plaintiff's appeal involves the effect of a motion to dismiss upon § 59–10–36, N.M.S.A.1953 (2d Repl. Vol. 9, pt. 1).

■ Section 59–10–36, supra, provides that no claim for compensation shall be filed by any workman receiving maximum compensation benefits. Defendant pled this section as an affirmative defense in its answer. Subsequent to filing its answer, defendant moved to dismiss the petition. The motion relied on § 59–10–36, supra, and asserted: "As shown by Plaintiff's Petition, Defendant is making payments to claimant at the maximum rate. * * *" The motion also relied upon certain unreported memorandum decisions of this Court. We decline to consider the applicability of the memorandum decisions to the facts of this case because they have not been officially reported and are unpublished. Section 16–7–13, N.M.S.A.1953 (Repl. Vol. 4).

Defendant's answer made certain admissions adverse to defendant's contention that the petition failed to state a claim upon which relief could be granted. The trial court was concerned that the admissions in the answer would have the effect of waiving the motion to dismiss. The trial court proceeded on the basis that the motion to dismiss had not been waived and the admissions in the answer should not be considered in ruling on the motion to dismiss. This procedure raises various problems as to pleading in workmen's compensation cases. See *Gutherie v. Threlkeld Co.*, 52 N.M. 93, 192 P.2d 307 (1948); Compare § 59–10–13.9, N.M.S.A.1953 (2d Repl. Vol. 9, pt. 1). It is unnecessary to consider these problems. We proceed on the same basis as the trial court did; we consider that defendant moved to dismiss prior to filing an answer. Thus, we do not consider the admissions in defendant's answer.

■ Defendant moved to dismiss under Civil Procedure ·Rule 12(b)(6). The motion is properly granted only when it appears that plaintiff cannot recover under any state of facts provable under the claim made by plaintiff. For purposes of the motion, the well-pleaded material allegations of the complaint, or petition, *are taken as admitted. C & H Constr. & Pav., Inc. v. Foundation Reserve Ins. Co.*, 85 N. M. 374, 512 P.2d 947 (1973); *Jones v. International Union of Operating Engineers*, 72 N.M. 322, 383 P.2d 571 (1963); *Jernigan v. New Amsterdam Casualty Company* 69 N.M. 336, 367 P.2d 519 (1961); *First National Bank of Santa Fe v. Ruebush*, 62 N.M. 42, 304 P.2d 569 (1956).

■ Under the above cases, defendant's motion to dismiss admitted all well-pleaded material allegations. What did the motion admit? It admitted that plaintiff's husband was accidentally killed in the course of his employment with defendant, that her husband had been earning in excess of $260.00 per week, that plaintiff was the widow of the deceased and they had a three-year-old child, and that defendant

was paying compensation in installments to the plaintiff.

Defendant's admissions established liability for the death of plaintiff's husband; the admissions suffficiently established plaintiff's right to compensation. *Arther v. Western Company of North America*, 88 N.M. 157, 538 P.2d 799 (Ct.App.1975). The right to compensation having been sufficiently established, § 59–10–36, supra, did not bar the petition which stated a claim for lump-sum compensation benefits.

The trial court erred in dismissing the petition for failure to state a claim upon which relief could be granted.

Oral argument is unnecessary. The trial court's order of dismissal is reversed. The cause is remanded for further proceedings consistent with this opinion. On the merits of plaintiff's petition see *Codling v. Aztec Well Servicing Co.*, 89 N.M. 213, 549 P.2d 628 (Ct.App.1976) and cases therein cited.

IT IS SO ORDERED.

HENDLEY and SUTIN, JJ., concur.