556 P.2d 839

Jose **DE LA TORRE**, Plaintiff-Appellant,

v.

**KENNECOTT COPPER CORPORATION,**
Defendant-Appellee.

No. 2529.

Court of Appeals of New Mexico.

Nov. 9, 1976.

**684**

———◆———

Anthony F. Avallone, Las Cruces, for plaintiff-appellant.

Ben Shantz, Shantz, Dickson & Young, Silver City, for defendant-appellee.

PER CURIAM.

Upon motion of defendant for rehearing, the opinion is withdrawn and the following opinion substituted therefor:

## OPINION

SUTIN, Judge

Plaintiff appeals from an order that dismissed plaintiff's complaint which sought recovery of workmen's compensation. We reverse.

A. *Plaintiff is entitled to workmen's compensation.*

Plaintiff's complaint stated a claim for relief under the Workmen's Compensation Act. It alleged that plaintiff was seriously injured on March 24, 1967; that he was disabled until March 23, 1968, when he resumed his full-time employment with defendant; that *on May 16, 1974*, six years later, plaintiff was again rendered totally disabled and as a result thereof, plaintiff was entitled to compensation benefits. Plaintiff's complaint was filed on January 23, 1976.

As an affirmative defense, the defendant claimed that plaintiff's claim was barred by the limitation provisions of § 59–10–13.6(A) of the Workmen's Compensation Act [N.M.S.A.1953 (2d Repl.Vol. 9, pt. 1)]. To raise this issue before trial, defendant filed a motion to dismiss on the basis of the limitation provison. The motion stated that the complaint, filed January 23, 1976, was more than one year after the alleged *job accident of May 16, 1974.*

At the hearing on the motion, the defendant stated:

*As of May 16, 1974, the date referred to in paragraph 5 of plaintiff's complaint, the plaintiff ceased actual work with the employer and went on sick leave lay-off status. He remained an employee to the extent that when his illness was terminated and he was well enough to return to work, he would be returned to his regular employment.* During the time of this illness, plaintiff received weekly benefits under the weekly indemnity plan which were not in any way related to any workmen's compensation payments.

Up to the date of the retirement [April 1, 1975], *he was technically carried in the company records as an employee,* but was not at any time subsequent to *May 16, 1974,* actually performing his duties as an employee or receiving wages as such.

In view of this, it is our opinion that he was—did not remain employed as contemplated by the second sentence in paragraph (a) of Section 13.6.

\*　　\*　　\*　　\*　　\*　　\*

MR. SHANTZ: *Am I correct also that the termination of employee status to the retirement status is that date in April, '75 . . . ?*

THE COURT: *Yes.* That is the understanding the Court received from the agreement of counsel and the explanation given. [Emphasis added].

Plaintiff offered in evidence a letter from defendant to plaintiff which fixed the date of retirement as of April 1, 1975.

Based on defendant's statements and plaintiff's letter, the trial court concluded that the limitation provision in § 59–10–13.-6(A) barred the recovery of workmen's

compensation. The foregoing constitutes the record in the court below.

Section 59–10–13.6, N.M.S.A.1953 (2d Repl.Vol. 9, pt. 1) provides a one year limitation period for filing a claim for workmen's compensation "after the failure or refusal of the employer or insurer to pay compensation. *This one [1] year period of limitations shall be tolled during the time a workman remains employed by the employer* by whom he was employed at the time of such accidental injury, not to exceed a period of one [1] year."

The issue to decide is whether plaintiff remained "employed" by defendant from May 16, 1974 to April 1, 1975, the date of plaintiff's retirement. If he did remain "employed", then the complaint filed January 23, 1976 was not barred by the limitation statute. This is a matter of first impression in New Mexico.

*First*, plaintiff claims he was totally disabled on May 16, 1974. Defendant claims "plaintiff ceased actual work with the employer and went on sick leave lay-off status." The answer to these claims is a question of fact for the trial court.

*Second,* plaintiff "remained an employee to the extent that when his illness was terminated and he was well enough to return to work, he would be returned to his regular employment. . . . Up to the date of retirement, he was technically carried in the company records as an employee . . . . [T]he termination of employee status . . . is that date in April, '75". During this interim period, May 16, 1974—April 1, 1975, plaintiff received weekly benefits under the weekly benefit plan. These benefits are payable, to one who is employed, for disabilities resulting from sickness or off-the-job injuries.

In its letter to plaintiff dated April 22, 1975, the defendant stated:

Enclosed is your certificate of retirement which recognizes *your 28 years of continuous service at Chino Mines Division.*

On behalf of the company, I wish to express my appreciation for the many years you worked in various positions at the mine. *You are especially to be commended for your performance as a heavy duty truck mechanic in the maintenance department for more than 20 years* prior to your retirement on April 1, 1975. [Emphasis added].

The facts stated established that plaintiff remained in employment until April 1, 1975 as a matter of law. If the defendant led plaintiff to believe that he was considered in "employment" for workmen's compensation, or if it became reasonably apparent to plaintiff that he was considered in "employment" and was entitled to compensation, the statute was tolled. See § 59–10–14, N.M.S.A.1953 (2d Repl.Vol. 9, pt. 1); *Lasater v. Home Oil Company,* 83 N.M. 567, 494 P.2d 980 (Ct.App.1972); *Reed v. Fish Engineering Corporation,* 76 N.M. 760, 418 P.2d 537 (1966).

Plaintiff remained "employed by the employer" in the spirit of the Workmen's Compensation Act. To deny plaintiff his day in court because he was not, in fact, doing actual work after May 16, 1974, and he did not receive wages, violates that spirit. We should not blanch plaintiff's employment status after "28 years of continuous service at Chino Mines Division."

We hold that the one year period of limitation was tolled, and the complaint was filed in time.

B. *The 1963 statute was not in effect.*

Whether the 1963 statute, which did not toll the limitation period, was in effect, was not an issue raised in the trial court or on appeal to this Court. Both parties agreed that the 1967 statute, supra, was in effect. We commend the defendant for stating in its brief:

Surely the very purpose of the 1967 amendment was . . . to do away with the harsh provisions of the 1963 amendment. Under the 1963 amendment unscrupulous employers could possibly avoid payment of a total permanent dis-

ability award by keeping a badly injured workman on the payroll at some make-work job and pay his normal wages for a year, and then discharge the man when the statute had run and he could no longer bring his action.

Although this issue was waived by defendant, we find it necessary to answer the dissenting opinion.

■ An accident occurred on March 24, 1967, when the 1963 amendment statute was in effect. A year later, on March 3, 1968, plaintiff returned to full employment for six years. During this interim period, workmen's compensation was paid. On May 16, 1974, plaintiff again suffered an alleged job accident and was totally disabled or went "on sick leave lay-off status." We do know that the accident of March 24, 1967 terminated on March 3, 1968 when workmen's compensation payments ended and plaintiff returned to full employment for six years. On May 16, 1974, the 1967 statute was in effect. The 1967 statute applies because the date of disability is critical and the law effective at that time controls. In *Gomez v. Hausman Corporation*, 83 N.M. 400, 401, 492 P.2d 1263, 1264 (Ct. App.1972), we said:

> The period of limitation does not commence to run until it becomes reasonably apparent, or should become reasonably apparent, to the workman that he has an injury for which he is entitled to compensation.

■ Time does not begin to run until the disability is discovered rather than from the accidental occurrence. The 1974 claim for compensation does not relate back seven years to 1967, the date of the first accident. This we should not do. The whole philosophy upon which workmen's compensation is based, as the public policy of this State, militates against such a contention. *Gonzales v. Chino Copper Co.*, 29 N.M. 228, 222 P. 903 (1924); *Christensen v. Dysart*, 42 N.M. 107, 76 P. 2d 1 (1938).

We hold that the 1963 statute was not in effect.

Reversed.

IT IS SO ORDERED.

HERNANDEZ, J., concurs.

LOPEZ, J., dissenting in part and concurring in part.

LOPEZ, Judge (dissenting in part and concurring in part).

The plaintiff appeals an order dismissing his complaint which sought workmen's compensation benefits. Sections 59–10–1 through 59–10–37, N.M.S.A.1953 (2d Repl. Vol. 9, pt. 1, 1974). I would reverse in part and remand in part.

Plaintiff's complaint alleges the following facts: he sustained accidental on-the-job injuries on March 24, 1967; the injuries disabled him until March 23, 1968, when he resumed full-time employment with the defendant. In his brief, plaintiff states that the defendant paid him total disability benefits during this time, from March 24, 1967, until March 23, 1968. After March of 1968, the plaintiff resumed full-time employment with defendant until May 16, 1974, when he became totally disabled as a result of the 1967 accident. From May 16, 1974, until retirement on April 1, 1975, the plaintiff was on "sick leave by lay off status." The complaint was filed on January 23, 1976.

The defendant filed a motion to dismiss pursuant to § 21–1–1(12)(b)(6) and (d), N.M.S.A.1953 (Repl.Vol. 4, 1970). The defendant asserted the affirmative defense that plaintiff's cause of action was barred by the statute of limitations. Section 59–10–13.6, N.M.S.A.1953 (2d Repl.Vol. 9, pt. 1, 1974).

A hearing was held but no outside testimony was presented. Only the arguments and stipulations of counsel were considered. The Order of Dismissal reads as follows:

> "THIS MATTER came on this day to be heard upon Defendant's Motion to

Dismiss, the stipulations of counsel, and the Court having heard argument of counsel and being fully advised, FINDS:

That the motion is well taken and should be granted;

IT IS, THEREFORE, by the Court, ORDERED that Defendant's Motion to Dismiss be and the same is hereby granted.

DONE in Open Court at Las Cruces, New Mexico, this 17th day of March, 1976.

s/Geo. L. Zimmerman
_____
District Judge by Designation"

The plaintiff asserts that the question is whether he "remained employed" until his retirement in April of 1975, after he went on "sick leave lay off status." The plaintiff argues that he remained employed commencing May 16, 1974 until April 1, 1975 and that under § 59–10–13.6, supra, the statute of limitations was tolled for one year. Consequently, the plaintiff contends the action filed on January 23, 1976 was timely.

Defendant argues that no workmen's compensation benefits were paid to plaintiff after May 16, 1974 and that plaintiff was not employed after this date. Defendant contends the statute of limitations was not tolled and the cause of action is barred.

The parties and the district court based their respective arguments and holding on the 1967 version of § 59–10–13.6, supra, of the New Mexico Workmen's Compensation Act. In pertinent part, the 1967 version reads as follows:

". . . This one year period of limitations _shall_ be tolled during the time a workman _remains employed_ by the employer by whom he was employed at the time of such accidental injury, not to exceed a period of one year. . . ." Laws 1967, ch. 151, § 1. [Emphasis added].

The 1967 amendment was enacted _after_ the accident; therefore, we do not believe the 1967 version is applicable. The 1963 version, which is applicable, reads as follows:

". . . This one-year period of limitations _shall not be tolled_ during the time a workman is employed by the employed [sic] by whom he was employed _at the time of such accidental injury_ . . . ." Laws 1963, ch. 269, § 6. [Emphasis added].

Originally, § 59–10–13.6, supra, did not mention tolling the statute of limitations. Laws 1959, ch. 67, § 10.

In 1963, the statute was amended, probably as a reaction to _Cordova v. City of Albuquerque,_ 71 N.M. 491, 379 P.2d 781 (1962). _Cordova_ read into the statute a tolling if the employer was relieved of the duty to pay compensation. The 1963 version reversed _Cordova_ and clearly stated that the statute of limitations _shall not_ be tolled. Cf. _Roybal v. County of Santa Fe,_ 79 N.M. 99, 440 P.2d 291 (1968).

In 1967, the legislature apparently had a change of heart. Section 59–10–13.6, supra, was amended to permit the statute of limitations to toll for up to one year. See _Roybal v. County of Santa Fe,_ supra. Plaintiff's injury was sustained on March 24, 1967. The 1967 amendment was approved by the legislature March 28, 1967. Since it was not specifically stated otherwise, the 1967 amendment went into effect ninety days after the adjournment of the legislature. N.M.Const. art. 4, § 23. The 1967 amendment should not be given retroactive effect. _Clark v. Ruidoso-Hondo Valley Hospital,_ 72 N.M. 9, 380 P.2d 168 (1963); _Davis v. Meadors-Cherry Co.,_ 65 N.M. 21, 331 P.2d 523 (1958).

The statute of limitations was not tolled for one year because the applicable law specifically states that the statute shall not toll. Plaintiff's complaint does not allege latent injuries, aggravation thereof, or misconduct on the part of the employer or the insured; therefore, I would not consider what effect these theories might have had on plaintiff's right of recovery. See _Chaffins v. Jelco Inc.,_ 82 N.M. 666, 486 P.2d 75

(Ct.App.1971); § 59–10–13.3A(3) and § 59–10–14, N.M.S.A.1953 (2d Repl.Vol. 9, pt. 1, 1974).

It appears from the record and also from the Order of Dismissal that the district court went beyond the pleadings in order to arrive at a decision. Because it considered matters outside of the pleadings, the defendant's motion was treated by the lower court not as a motion to dismiss, but as a motion for summary judgment. Section 21–1–1(12)(b), supra.

The criteria for disposing of a motion to dismiss for failure to state a cause of action is based on the premise that under no theory of law could the plaintiff recover. The motion to dismiss is proper where it appears that under no provable state of facts could the plaintiff be entitled to relief. *Ritter v. Albuquerque Gas & Electric Co.,* 47 N.M..329, 142 P.2d 919 (1943). Taking the pleadings as they are and assuming for purposes of this decision that the plaintiff remained employed for one year, if the 1963 amendment is applicable, I cannot see a theory of law under which the statute of limitations could have tolled.

If the motion is for summary judgment, the test is that there exists no genuine issue of material fact. A summary judgment proceeding is not to decide the issue of fact, but rather to determine whether one exists. Summary judgment is proper only where the moving party is entitled to the judgment as a matter of law upon clear and undisputed facts. *Goodman v. Brock,* 83 N.M. 789, 498 P.2d 676 (1972); *First National Bank in Albuquerque v. Nor-Am Agricultural Products, Inc.,* 88 N.M. 74, 537 P.2d 682 (Ct.App.1975). Assuming the facts to be undisputed, that the plaintiff remained employed for one year, the 1963 version nevertheless would *not* toll the statute of limitations and the action would have to be dismissed as untimely.

I conclude that whether the court treated this as a motion for dismassal for failure to state a cause of action or for summary judgment, under both categories the district court was correct. *See Tsosie v. Foundation Reserve Insurance Co., Inc.,* 77 N.

M. 671, 427 P.2d 29 (1967); *H. T. Coker Construction Co. v. Whitfield Transportation, Inc.,* 85 N.M. 802, 518 P.2d 782 (Ct. App.1974).

Late filing, however, does not bar plaintiff's medical expenses because the limitation of § 59–10–13.6, supra, does not apply. *Lasater v. Home Oil Co., Inc.,* 83 N.M. 567, 494 P.2d 980 (Ct.App.1972) rev'd in part as to attorney's fees, *Schiller v. Southwest Air Rangers, Inc.,* 87 N.M. 476, 535 P.2d 1327 (1975). Plaintiff's complaint seeks "medical care and attention, payment of accrued expenses for such services, attorney's fees and any other benefits to which he may be entitled." I would remand to the district court to determine whether the plaintiff is entitled to medical expenses and attorney's fees. *Schiller v. Southwest Air Rangers, Inc.,* supra; *Lasater v. Home Oil Co., Inc.,* supra.

The judgment of the district court with respect to payment of workmen's compensation should be affirmed. The judgment with respect to medical expenses and attorney's fees should be reversed and remanded to the district court.