570 P.2d 943

Victor M. PONCE, Plaintiff-Appellant,

v.

HANES L'EGGS PRODUCTS, INC., Hartford Insurance Company and Liberty Mutual Insurance Co., Defendants-Appellees.

No. 2930.

Court of Appeals of New Mexico.

Oct. 4, 1977.

Anthony F. Avallone, Las Cruces, for plaintiff-appellant.

Ray O. Sage, Sage & Reese, Las Cruces, for defendants-appellees.

## OPINION

LOPEZ, Judge.

The plaintiff filed suit for workmen's compensation against his employer, Hanes L'Eggs Products, Inc. and against two insurance companies, to-wit: Hartford Insurance Company and Liberty Mutual Insurance Company. The plaintiff's employer will hereinafter be referred to as Hanes; the two insurance companies will be referred to as Hartford and Liberty Mutual respectively. The trial court dismissed with prejudice Liberty Mutual as a party-defendant. The plaintiff appeals and we affirm.

The issue presented in this case is whether the trial court committed reversible error by dismissing with prejudice Liberty Mutual, the successor insurance company in this workmen's compensation case.

The complaint filed on December 7, 1976 contains the following allegations which,

for purposes of appellate review, are considered as admitted as far as Liberty Mutual's motion to dismiss is concerned. See *Villegas v. American Smelting & Refining Company*, 89 N.M. 387, 552 P.2d 1235 (Ct. App.1976).

Hartford and Liberty Mutual are insurers under the New Mexico Workmen's Compensation Act. On or about August 11, 1973, the plaintiff sustained injuries in an on-the-job accident during the course of his employment. Hartford's coverage was effective at the time of the accident, and Liberty Mutual, the present insurer, had coverage when the disability allegedly arose.

The plaintiff had been continuously employed by the defendant Hanes until October, 1976, at which time he became disabled. His disability resulted from the accident of August 11, 1973. The plaintiff in his complaint asked for workmen's compensation benefits from the employer, Hanes, Hartford and Liberty Mutual. During January, 1977, Liberty Mutual filed a motion to dismiss the action with prejudice, because the complaint failed to state a claim upon which relief could be granted. Liberty Mutual's motion stated that the complaint on its face showed that all disability sustained by plaintiff occurred when Hartford and not Liberty Mutual had coverage.

A hearing on the motion to dismiss was held on February 14, 1977. The complaint was not amended and no motion to amend the complaint was made by the plaintiff. The court entered an order dismissing Liberty Mutual as party-defendant on the ground that the complaint failed to state a claim against this defendant. Subsequently, this appeal arose.

In this appeal we are presented with a legal issue involving the responsibility, rights and duties of two successor insurance companies covering an employer under the Workmen's Compensation Act of the State of New Mexico.

*Point I*

Under Point I the plaintiff states that this is a case of first impression, but he

refers us to two New Mexico cases. *De La Torre v. Kennecott Copper Corporation,* 89 N.M. 683, 556 P.2d 839 (Ct.App.1976) and *Moorhead v. Gray Ranch Co.,* 90 N.M. 220, 561 P.2d 493 (Ct.App.1977), cert. denied, 90 N.M. 254, 561 P.2d 1347 (1977). In analyzing these two cases we conclude that they are inapplicable to the case at bar. *De La Torre* held that the applicable statute of limitations was in force when the disability arose. It had nothing to do with two successor insurance companies. *Moorhead* held that the rate of compensation was a rate applicable on the date of disability. Neither of these two cases gives us any authority to hold Liberty Mutual responsible. The plaintiff, however, does refer us to 8 J. Appleman, Insurance Law and Practice, § 4916 (1942) and 4 A. Larson, The Law of Workmen's Compensation, § 95.00 (1976). 8 Appleman § 4916 states as follows:

"Where the disability occurs at some time subsequent to the injury, the policy provisions must be examined to determine which insurer is liable. Generally, the insurer covering the risk at the date of the accident, rather than the insurer at the date when the disability began, is held to be liable. And to render the new insurer liable, it is necessary to show a causal relation between the work done during the period of the new policy and the injury, even though the injury was an accumulation of foreign matter which resulted in an incapacity to labor during that period. . . ."

4 Larson, § 95.00, supra, states:

"When a disability develops gradually, or when it comes as the result of a succession of accidents, the insurance carrier covering the risk at the time of the most recent injury or exposure bearing a causal relation to the disability is usually liable for the entire compensation. . . ."

The defendant cites *Hanks v. Walker,* 60 N.M. 166, 288 P.2d 699 (1955) as authority that Liberty Mutual is not liable to the plaintiff for his disability.

In *Hanks,* supra, at 173, 288 P.2d at 703, the Supreme Court of New Mexico accepted the Massachusetts rule as follows:

" 'Where there have been several compensable injuries received by employee during the successive periods of coverage of different insurers, the subsequent incapacity must be compensated by the one which was the insurer at the time of the most recent injury that bore causal relation to the incapacity.' "

■ Therefore, based upon *Hanks v. Walker,* supra, 4 Larson, supra, and 8 Appleman, supra, the rule in New Mexico is that to hold the second insurer liable, it is necessary to show a causal connection between the work done during the period of the new policy (in this case, Liberty Mutual) and the injury or disability.

Applying this rule of law to the case at bar, we conclude that Liberty Mutual is not liable.

■ In the instant case, the complaint alleges that the injury and the disability took place during the time the plaintiff was covered by Hartford. Plaintiff does not allege any causal connection between the work done during the period the employer was covered by Liberty Mutual and plaintiff's disability. On the contrary, the complaint only alleges that the disability was caused by the original accident when Hanes was covered by Hartford. Therefore, Liberty Mutual is not liable.

We now discuss Point II, because if the complaint had been amended, perhaps a different situation would have been presented to us.

*Point II*

Under this point the plaintiff is asking this Court to order the trial court to allow an amended complaint to conform to *Hanks v. Walker,* supra, Appleman, supra, and Larson, supra. For authority plaintiff refers to *Peoples v. Peoples,* 72 N.M. 64, 380 P.2d 513 (1963). We do not believe that this case is applicable. In *Peoples* the plaintiffs filed a motion for leave to amend which the court denied, thus preserving the question for review on appeal. Plaintiff argues that he should be allowed to amend

his complaint to state that the injury was aggravated during the period of coverage with Liberty Mutual and that the disability arose as a result of the aggravation.

" . . . Certainly it was never the intention of the statutes or rules regulating appeals that one meeting with adverse rulings on his pleadings could withdraw from the combat below, bring his pleadings here, have us point out the deficiencies, and then return, amend the defective pleading and resume the battle with his adversary." *Martinez v. Cook*, 57 N.M. 263, 258 P.2d 375, 376 (1953).

We have searched the record and have been unable to find any motion by the plaintiff requesting leave to amend either before the motion to dismiss or after the order of dismissal was entered for Liberty Mutual. The plaintiff's proposed amendment was never even mentioned in the proceedings below and no ruling was obtained from the trial court.

■ Although amendments are liberally allowed, there are limitations on this right to amend, and this right cannot be raised in the appellate court for the first time. *Bounds v. Carner*, 53 N.M. 234, 205 P.2d 216 (1949).

■ In the case at bar nothing was raised in the trial court. Therefore, the matter of amending the workmen's compensation complaint cannot be reviewed on appeal.

We conclude that the trial court committed no error in entering an order to dismiss with prejudice for Liberty Mutual.

The order and the judgment of the trial court are hereby affirmed.

IT IS SO ORDERED.

HERNANDEZ, J., concurs.

SUTIN, J., dissents.

SUTIN, Judge (dissenting).

I dissent.

It is a sad commentary to write that a workman ofttimes suffers the pangs of outrageous misfortune because his attorney fails to perform that duty required of competent counsel. As a result, an appellate court becomes an advocate on behalf of the workman to see that justice is done. Plaintiff's brief on this appeal shows that plaintiff was not adequately represented in the trial court as well as on this appeal.

Plaintiff's complaint alleged that on August 11, 1973, plaintiff sustained an on-the-job accident during the course of his employment. Hartford Insurance Company was then an insurer. Plaintiff continued in his employment until October, 1976, at which time he became disabled by virtue of the accident on August 11, 1973. At the time of disability, Liberty Mutual was the insurer. The complaint was filed on December 7, 1976.

Liberty Mutual filed a motion to dismiss with prejudice because "The Complaint shows on its face that this defendant had no coverage on the date of the accident and that all disability which the plaintiff sustained was caused by the accident." The district court dismissed plaintiff's complaint with prejudice because plaintiff's complaint failed to state a claim for relief. I disagree.

Section 59–10–3, N.M.S.A. 1953 (2d Repl. Vol. 9, pt. 1, 1975 Supp.) provides in pertinent part:

Every . . . policy insuring against liability for compensation . . . shall provide that the insurance carrier . . shall be directly and primarily liable to the workman . . . to pay the compensation for which the employer is liable; . . . .

The purpose of workmen's compensation insurance is to protect the employee from the hazards incident to his occupation, and to protect the employer by having the insurer assume his obligation to pay. An employer's liability does not arise at the time of an employee's accident, but at the time that injury results from the accident. When the employer's liability arises, the insurance carrier agrees to defend the claim for relief and to pay compensation benefits on behalf of the employer according to law.

In order to have the right to compensation, the plaintiff must sustain an injury proximately caused by accident arising out of and in the course of his employment. Section 59–10–6(C), N.M.S.A. 1953 (2d Repl. Vol. 9, pt. 1). "The words 'accident' and 'injury' are not synonymous." *Pittman v. City Stores, Inc.*, 204 Tenn. 650, 325 S.W.2d 249, 252 (1959). "*Accident* is the cause and *injury* is the effect. It does not follow in every instance that the two occur simultaneously." [Emphasis by Court]. *City of Boulder v. Payne*, 162 Colo. 345, 426 P.2d 194, 196 (1967). "Accident" is a word that denotes an unlooked for mishap or an untoward event which is not expected or designed, *Webb v. New Mexico Pub. Co.*, 47 N.M. 279, 141 P.2d 333 (1943), and it refers to the cause of the injury and not to the injury itself, *Stevenson v. Lee Moor Contracting Co.*, 45 N.M. 354, 115 P.2d 342 (1941). It has been held that a nonphysical event may constitute an "accident" and the result an "injury." *State Compensation Fund v. Industrial Commission*, 24 Ariz. App. 31, 535 P.2d 623 (1975). We have even gone so far as to hold that an "accident" can be a malfunction of the body itself. *Ortiz v. Ortiz & Torres Dri-Wall Company*, 83 N.M. 452, 493 P.2d 418 (Ct.App.1972).

A compensable "accident" does not arise until a workman suffers an "injury." The cause of action arises when the injury develops or becomes apparent, and not at the time of the accident. *Donaldson v. Calvert McBridge Printing Co.*, 217 Ark. 625, 232 S.W.2d 651 (1950). In *Swallows v. City of Albuquerque*, 59 N.M. 328, 330–31, 284 P.2d 216, 218 (1955), the Supreme Court said:

> In latent injury cases the workman is not entitled to compensation, nor can there be a failure or refusal to pay until the injury becomes apparent. . . .
>
> \*      \*      \*      \*      \*      \*
>
> " ' "\*   \*   \* It is mere horse sense that the employee can't be entitled to compensation *until the injury resulting from the accident becomes compensable . . ."* ' " [Emphasis added]

In the instant case, we are concerned only with the allegations in plaintiff's complaint. The complaint alleged that on August 11, 1973, plaintiff suffered an accident. There was no allegation of any injury. The complaint did not allege when the injury developed and became apparent, but it did allege that plaintiff became disabled in October, 1976. Disablement follows an injury. At least, until such time as discovery or trial establishes when the injury developed and became apparent, Liberty Mutual has a duty to defend the employer.

Plaintiff's complaint stated a claim upon which relief can be granted.