This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-37401**

**WESTON PEASNALL,**

Plaintiff-Appellant,

v.

**CURRY COUNTY BOARD OF COUNTY COMMISSIONERS, a political subdivision existing under the law of the State of New Mexico,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Donna J. Mowrer, District Judge**

Christian P. Christensen
Portales, NM

Eric D. Dixon
Portales, NM

for Appellant

Atwood, Malone, Turner & Sabin, P.A.
Bryan Evans
Quincy J. Perales
Roswell, NM

for Appellee

### MEMORANDUM OPINION

**HENDERSON, Judge.**

**{1}** Plaintiff Weston Peasnall appeals the judgment entered by the district court in favor of Defendant Curry County Board of County Commissioners following a jury trial

on Plaintiff's complaint alleging violations of the New Mexico Whistleblower Protection Act (the WPA), NMSA 1978, §§ 10-16C-1 to -6 (2010). He raises issues related to the jury instructions and contests two of the district court's evidentiary rulings. We hold that the district court erred with respect to the special verdict form provided to the jury; therefore, we reverse and remand for a new trial. In light of this, it is unnecessary that we reach Defendant's remaining contentions. However, we exercise our discretion to address the district court's exclusion of video footage proffered by Plaintiff and testimony related to its contents, as this question is likely to recur on remand. We affirm in this respect.

**BACKGROUND**

**{2}**     The allegations in Plaintiff's complaint stem from his employment at the Curry County Detention Center (the Detention Center), where he was promoted to the position of sergeant. About six months after his promotion, Plaintiff reviewed video footage of a tasing incident at the Detention Center. In Plaintiff's estimation, the video footage depicted violations of county policies.

**{3}**     Before reviewing the video footage, Plaintiff prepared an initial report regarding the tasing incident. Plaintiff stated that, after reviewing the video footage, he went to his supervisor and requested to amend his initial report to reflect his belief that county policy regarding excessive use of force had been violated. Plaintiff alleged that his supervisor turned him away without allowing an amendment.

**{4}**     Shortly thereafter, Plaintiff was demoted from the position of sergeant. Plaintiff described this as an act of "retaliation" due to his desire to amend his initial report on the tasing incident to reflect his view that county policies had been violated. Plaintiff alleged that, following his demotion, the working environment became so intolerable that he had no options other than resignation.

**{5}**     Prior to trial, Defendant moved the district court to exclude the video of the tasing incident from evidence and to preclude Plaintiff from eliciting testimony regarding Plaintiff's claim that the Detention Center operated under a pervasive system of favoritism and retaliation. The district court excluded the video of the tasing incident, testimony related to its contents, and testimony regarding the operation of the Detention Center.

**{6}**     Plaintiff submitted proposed jury instructions, which included the Uniform Jury Instruction for retaliatory discharge and special verdict forms. The district court refused the retaliatory discharge instruction and the special verdict forms proposed by Plaintiff, opting instead to use the special verdict form tendered by Defendant, with slight but significant modifications.

**{7}**     Following deliberations, the jury returned a special verdict form. In pertinent part, the jury answered "No" to the following question: "Was Plaintiff's request to change his report regarding the . . . [t]asing incident the reason Plaintiff was [demoted]?" The

district court entered judgment in favor of Defendant. Plaintiff appeals. We reserve further discussion of the pertinent facts for our analysis.

## DISCUSSION

**{8}** Plaintiff argues that (1) one of the special verdict forms submitted to the jury misstated the law; (2) the district court improperly excluded the video of the detainee's tasing and testimony related to its contents; and (3) the district court improperly excluded testimony concerning operation of the Detention Center.

## I.    Jury Instructions

## A.    Standard of Review

**{9}** "We review jury instructions de novo, seeking to determine whether the instructions correctly stated the law and were supported by the evidence presented at trial." *Lopez v. Devon Energy Prod. Co., L.P.*, 2020-NMCA-033, ¶ 9, 468 P.3d 887, *cert. denied*, 2020-NMCERT-___ (No. S-1-SC-38161, Apr. 28, 2020). Our inquiry centers on whether the instructions complained of would have caused confusion or misdirection among reasonable jurors. *Mikeska v. Las Cruces Reg'l Med. Ctr., LLC*, 2016-NMCA-068, ¶ 23, 388 P.3d 266.

## B.    The Special Verdict Form Was Legally Erroneous and Requires Reversal

**{10}** Plaintiff complains of the propriety of the jury instructions. Specifically, Plaintiff argues that the district court erred by failing to instruct the jury pursuant to UJI 13-2304 NMRA ("Retaliatory discharge"), and that a question on the special verdict form provided to the jury contained a legal misstatement. Defendant maintains that the jury instructions and special verdict form were legally sufficient, and that, even if there was error, it was harmless. We agree with Plaintiff's contention that the special verdict form was legally erroneous.

**{11}** "An instruction is correct, and thus proper to submit to a jury, when the instruction is consistent with the law and articulates fairly, completely, and succinctly the relevant law applicable to the facts[.]" *Mireles v. Broderick*, 1994-NMSC-041, ¶ 15, 117 N.M. 445, 872 P.2d 863 (citation omitted). "Trial courts are required to instruct the jury on the applicable rules of law using the Uniform Jury Instructions, unless the instructions are waived by the parties." *Benavidez v. City of Gallup*, 2007-NMSC-026, ¶ 19, 141 N.M. 808, 161 P.3d 853; *see also* Rule 1-051(A) NMRA ("The trial judge shall instruct the jury in the language of the Uniform Jury Instructions on the applicable rules of law[.]"); *Cowan v. Powell*, 1993-NMCA-075, ¶ 7, 115 N.M. 603, 856 P.2d 251 (stating that the district court is to give the Uniform Jury Instructions "without substitution or substantive modification"); *Sutherlin v. Fenenga*, 1991-NMCA-011, ¶ 17, 111 N.M. 767, 810 P.2d 353 (stating that the district court is to give the Uniform Jury Instructions "when justified by the facts, and a refusal to give such instructions when accompanied by the slightest prejudice to a party constitutes reversible error"). When applicable Uniform Jury

Instructions are not available, such as in WPA actions, instructions outside of the Uniform Jury Instructions, or modified Uniform Jury Instructions, may be requested. *See Mac Tyres, Inc. v. Vigil*, 1979-NMSC-010, ¶ 17, 92 N.M. 446, 589 P.2d 1037.

**{12}** Plaintiff tendered a proposed instruction on retaliatory discharge modeled after UJI 13-2304. The district court refused the instruction, apparently reasoning that the contents of the instruction were sufficiently captured by other instructions given to the jury. Our review of the record reveals apparent confusion among the parties and the district court as to whether Plaintiff had pled a claim for retaliatory discharge. *See Garrity v. Overland Sheepskin Co. of Taos*, 1996-NMSC-032, ¶ 14, 121 N.M. 710, 917 P.2d 1382 (recognizing retaliatory discharge is an independent tort claim); *Vigil v. Arzola*, 1983-NMCA-082, ¶¶ 23, 27, 102 N.M. 682, 699 P.2d 613 (same), *rev'd in part on other grounds*, 1984-NMSC-090, ¶¶ 2-3, 101 N.M. 687, 687 P.2d 1038, *overruled on other grounds by Chavez v. Manville Prods. Corp.*, 1989-NMSC-050, ¶ 16, 108 N.M. 643, ¶ 26, 777 P.2d 371. Nevertheless, our own review of the record indicates that Plaintiff's claim alleging a violation of the WPA was the only one presented to the jury. We note that, on remand, if it is determined that Plaintiff did in fact plead a separate retaliatory discharge claim, UJI 13-2304 is an appropriate instruction. *See* UJI 13-2304, use notes. In any event, we do not proceed further on this question, as our reversal turns on the misstatement of the law contained in the special verdict form provided to the jury.

**{13}** The WPA provides that "[i]t shall be an affirmative defense . . . that the action taken by a public employer against a public employee was due to the employee's misconduct, the employee's poor job performance, a reduction in workforce or other legitimate business purpose unrelated to conduct prohibited by the [WPA] and that retaliatory action was not *a* motivating factor." Section 10-16C-4(B) (emphasis added); *see Velasquez v. Regents of N. N.M. Coll.*, 2021-NMCA-007, ¶ 43, 484 P.3d 970 (stating that juries may properly reject a defendant's affirmative defense to the WPA on the basis of "mixed motives, including a forbidden retaliatory one"), *cert. denied*, 2021-NMCERT-___ (No. S-1-SC-38542, Feb. 12, 2021). The special verdict form provided to the jury closely tracked its language; crucially, however, it asked the jury if "Plaintiff's request to change his report regarding the . . . [t]asing incident was *the* reason Plaintiff was [demoted.]" (Emphasis added.) This is a misstatement of the applicable law.

**{14}** Defendant counters that the jury received a causation instruction sufficient to render any error harmless. The instruction to which Defendant refers states that a " 'cause' of injury . . . need not be the only explanation for the injury, nor the reason that is nearest in time or place. It is sufficient if it occurs in combination with some other cause to produce the result." The language of this instruction, while arguably akin to the applicable legal standard, does not cure the defect in the language on the special verdict form. *See State v. Anderson*, 2016-NMCA-007, ¶ 9, 364 P.3d 306 ("[J]uror confusion or misdirection may stem from instructions which, through omission or misstatement, fail to provide the juror with an accurate rendition of the relevant law." (internal quotation marks and citation omitted)); *cf. Chapin v. Rogers*, 1969-NMCA-097, ¶ 18, 80 N.M. 684, 459 P.2d 846 ("[A]n instruction containing a correct statement of the

law will not cure a conflicting instruction containing an incorrect statement of the same principle of law.").

**{15}** Indeed, our concern lies with the special verdict form's insistence that the conduct at issue, i.e., Plaintiff's request to amend his report of the tasing incident, must be the sole motivating factor for his discharge. This deviation from the applicable legal standard required the jury to consider Plaintiff's conduct in isolation from any alternative explanations that may have also contributed to his discharge. Defendant presented evidence that provided alternative explanations for Plaintiff's demotion.

**{16}** In our view, the applicable legal standard allows for the conduct at issue to be one of many potential motivating factors for an employee's discharge. *See* § 10-16C-4(B); *Velasquez*, 2021-NMCA-007, ¶ 43; *see also Sw. Land Inv., Inc. v. Hubbart*, 1993-NMSC-072, ¶ 6, 116 N.M. 742, 867 P.2d 412 (noting the effect given to the plain language of statutes). As noted above, the special verdict form required the conduct at issue to be the sole motivating factor for Plaintiff's discharge in order for the jury to find in his favor, and thus misdirected the jury. Because instructions provided to jurors must accurately set forth the applicable law, *see Pittard v. Four Seasons Motor Inn, Inc.*, 1984-NMCA-044, ¶ 14, 101 N.M. 723, 688 P.2d 333, and the special verdict form in this case did not, we conclude that Plaintiff is entitled to a new trial. Accordingly, we vacate the verdict of the jury.

## II.      Evidentiary Rulings

## A.      Standard of Review

**{17}** In reviewing the district court's rulings excluding evidence, "we generally apply an abuse of discretion standard where the application of an evidentiary rule involves an exercise of discretion or judgment, but we apply a de novo standard to review any interpretations of law underlying the evidentiary ruling." *Dewitt v. Rent-A-Center, Inc.*, 2009-NMSC-032, ¶ 13, 146 N.M. 453, 212 P.3d 341. The district court abuses its discretion when it "exceeds the bounds of reason, all the circumstances before it being considered." *Paragon Found., Inc. v. N.M. Livestock Bd.*, 2006-NMCA-004, ¶ 27, 138 N.M. 761, 126 P.3d 577 (internal quotation marks and citation omitted). On appeal, the party contesting the evidentiary ruling must demonstrate that erroneous exclusion of the evidence caused them to suffer prejudice. *Hourigan v. Cassidy*, 2001-NMCA-085, ¶ 21, 131 N.M. 141, 33 P.3d 891.

## B.      The District Court Properly Excluded the Video of the Tasing Incident and Testimony Related to Its Contents

**{18}** Plaintiff argues that the district court improperly concluded that any probative value of the video of the detainee's tasing and testimony related to the contents of the video was outweighed by the prejudice they would cause Defendant to suffer if admitted. We disagree. At the outset, we note that, while unclear from Plaintiff's briefing, the district court excluded the video at issue on grounds of relevancy, pursuant to Rule

11-402 NMRA, *and* the risk of unfair prejudice and confusion of the issues, pursuant to Rule 11-403 NMRA; it did not base its ruling on the ground of prejudice alone. We therefore center our analysis on all aspects of the district court's ruling.

**{19}** "Evidence is relevant if . . . it has any tendency to make a fact more or less probable than it would be without the evidence, and . . . the fact is of consequence in determining the action." Rule 11-401 NMRA. Evidence that is not relevant is inadmissible. Rule 11-402. Relevant evidence is properly excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice [or] confusing the issues[.]" Rule 11-403.

**{20}** Questions of materiality and relevancy are predominantly left to the district court's discretion. *Griffin v. Guadalupe Med. Ctr., Inc.*, 1997-NMCA-012, ¶ 14, 123 N.M. 60, 933 P.2d 859. Likewise, the district court is afforded great deference in determining the risk of unfair prejudice, as such an inquiry is "fact sensitive" and requires the district court to "fairly weigh the probative value against probable dangers." *State v. Bailey*, 2017-NMSC-001, ¶ 16, 386 P.3d 1007 (internal quotation marks and citation omitted). The same deference is owed to the district court on the question of confusion of the issues, as it is "in the best position to evaluate the effect of trial proceedings on the jury." *Williams v. BNSF Ry. Co.*, 2015-NMCA-109, ¶ 25, 359 P.3d 158 (internal quotation marks and citation omitted).

**{21}** The district court concluded that events in the video were not relevant to Plaintiff's claims and that the video was more prejudicial than probative, and expressed its fear that if the video was shown or witnesses were allowed to testify regarding its contents, a "mini trial" on an unrelated issue would ensue. We perceive no abuse of discretion in the district court's ruling. The tasing incident was not an issue at trial; rather, the issue centered on Plaintiff's report of the tasing incident and the events that subsequently transpired. Additionally, the district court allowed Plaintiff to testify regarding his reason for seeking to amend his report, i.e., the county policies he believed were violated, as depicted in the video. Moreover, it appears that the relevant information regarding the video was adequately conveyed to the jury, particularly because the jury answered "Yes" on the special verdict form to the following question: "Did Plaintiff communicate about an action or failure to act that constituted an unlawful or improper act?" Therefore, we will not disturb the district court's ruling excluding the video footage of the tasing incident and testimony related to its contents.

## C.    We Do Not Reach the Merits of Plaintiff's Remaining Evidentiary Contention

**{22}** Plaintiff's remaining contention with regard to the district court's evidentiary rulings centers on the district court's exclusion of testimony concerning operation of the Detention Center. As noted above, we need not address this issue as we reverse and remand on other grounds. While this Court need not address questions unnecessary for the resolution of a case, *see Crist v. Town of Gallup*, 1947-NMSC-012, ¶ 14, 51 N.M. 286, 183 P.2d 156, *superseded by statute on other grounds as stated in Hoover v. City of Albuquerque*, 1954-NMSC-043, ¶ 5, 58 N.M. 250, 270 P.2d 386, we take this

opportunity to emphasize the importance of a fully developed record and sufficient briefing. Based on the record and arguments before us, we are unable to resolve this issue in a meaningful way. On remand, should Plaintiff seek to admit similar evidence, we encourage the parties and the district court to fully develop the record in order to permit sufficient appellate review. *See State v. Conn*, 1992-NMCA-052, ¶¶ 13, 14, 115 N.M 101, 847 P.2d 746 (noting that when a district court exercises its discretion on evidentiary rulings, we encourage it "to place its findings and reasons for its decision in the record to allow for adequate appellate review"); *see also Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53 (noting that to compel appellate review, parties must present thorough briefing and developed arguments); *see also Muse v. Muse*, 2009-NMCA-003, ¶ 72, 145 N.M. 451, 200 P.3d 104 (noting the appealing party's burden to present "discussion of facts, arguments, and rulings" and eschewing the consideration of "surface presentations" and "generalized arguments"). For all these reasons, we proceed on this issue no further.

## CONCLUSION

**{23}** We reverse as to the legally erroneous special verdict form described herein. We affirm the district court's exclusion of the video footage proffered by Plaintiff and the testimony related to its contents, and remand to the district court for further proceedings consistent with this opinion.

**{24}   IT IS SO ORDERED.**

**SHAMMARA H. HENDERSON, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**MEGAN P. DUFFY, Judge**